HOWARD L. KERFOOT, as Administrator of the Estate of MADE-
LINE M. KERFOOT, Deceased, Respondent, *v.* ROBERT H.
KELLEY, Defendant, and RUTH KELLEY, Appellant.

Argued April 16, 1945; decided May 24, 1945.

*William L. Shumate* for appellant.  I. The evidence was, as matter of law, insufficient to support the verdict in favor of plaintiff.  The evidence was insufficient to show or permit the inference that the car was caused to go out of control by reason of any act or omission on the part of the driver amounting even to ordinary negligence.  (*Richter* v. *Seawell,* 32 S. E. 2d 62; *Galbraith* v. *Busch,* 267 N. Y. 230; *Tontona* v. *State of New York,* 269 N. Y. 167.)  II. In any event, the evidence was insufficient to show or permit the inference that the driver was guilty of gross negligence.  (*Boggs* v. *Plybon,* 157 Va. 30; *Masaletti* v. *Fitzroy,* 228 Mass. 487; *Young* v. *Dyer,* 161 Va. 434; *Wright* v. *Osborne,* 175 Va. 442; *Hale* v. *Hale,* 219 N. C. 191.)

*David Kashman* and *Jacob Rassner* for respondent.  There was ample evidence to sustain the jury's findings.  (*Poole* v. *Kelley,* 162 Va. 279; *Margiotta.*v. *Aycock,* 162 Va. 557.)

THACHER, J.  The defendant Ruth Kelley appeals from a nonunanimous judgment of the Appellate Division, first department, affirming a judgment entered upon the verdict of a jury in favor of plaintiff in an action for causing the wrongful death of Mrs. Madeline Meredith Kerfoot, a guest passenger in an automobile owned by the defendant Robert H. Kelley and driven by the defendant Ruth Kelley.  The accident happened in Virginia.

The only testimony as to the happening of the accident was given by a witness who testified that he was walking on the right-hand side of a two-lane asphalt paved road about twenty feet wide, on the right hand of which was a shoulder and a bank sloping down and on the left hand another shoulder, a ditch and an embankment sloping down from the road.  The left shoulder was possibly four feet wide and the ditch about eighteen inches deep and two feet wide.  The witness first saw the car coming around a curve at approximately fifty miles an hour in the same direction that he was walking.  As the car rounded the bend the rear right wheel came off the edge of the pavement and the car swung across the road to the left, its wheels going into the ditch on the left-hand side of the road, where it ran for approximately thirty feet, came out of the ditch, crossed to the right side of the road, turned over at least three times and rolled down the bank into the park, possibly

fifteen feet away from the roadway. Mrs. Kerfoot was thrown out of the car and suffered severe injuries from which she died.

No evidence was adduced to explain what caused the car to leave the highway. The defendant Ruth Kelley, who was driving the car, was not called as a witness.

Plaintiff sues as the administrator of Mrs. Kerfoot, deceased, and predicates his right to sue upon sections 5786 and 5787 of the Virginia Code, which at the time of the accident occurred and when the action was brought read as follows: " § 5786. Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, * * * and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action, * * * and to recover damages in respect thereof, then, and in every such case, the person who, * * * would have been liable, if death had not ensued, shall be liable to an action for damages, * * * notwithstanding the death of the person injured, * * * . § 5787. Every such action shall be brought by and in the name of the personal representative of such deceased person * * * . The jury in any such action may award such damages as to it may seem fair and just, not exceeding ten thousand dollars, and may direct in what proportion they shall be distributed to the surviving widow or husband and children and grandchildren of the deceased, or if there be none such, then to the parents, brothers and sisters of the deceased. Nothing shall be apportioned to the deferred class until the preferred class has been exhausted, but between members of the same class the jury shall have absolute discretion as to who shall receive the whole or any part of the recovery. But nothing in this section shall be construed to deprive the court of the power to grant new trials as in other cases."

Under section 2154 (232) of the Virginia Code (Acts of Assembly, 1938, ch. 285) plaintiff was not entitled to recover damages for the wrongful death of Mrs. Kerfoot, a guest passenger, unless her death was caused or resulted from " the gross negligence or willful and wanton disregard of the safety " of her person on the part of Ruth Kelley, the operator of the car.

In considering the sufficiency of the evidence to sustain the plaintiff's judgment we must follow the decisions of the highest court in the State of Virginia defining gross negligence or willful and wanton disregard of the safety of the deceased.

In *Young* v. *Dyer* (161 Va. 434), a verdict for the plaintiff was set aside and final judgment entered for the defendant. In that case plaintiff was a guest of her sister, who was driving a car on a curving road at a speed of fifty miles per hour. In attempting to round a sharp right-hand curve the car overturned and plaintiff was severely injured. The accident occurred before the enactment of section 2154 of the Virginia Code but, in the absence of statute, it was held that the Massachusetts rule, to the effect that before an invited guest can hold his host liable it must be shown that the host was guilty of gross negligence in the operation of the automobile, prevailed in Virginia, citing *Boggs* v. *Plybon* (157 Va. 30), and *Massaletti* v. *Fitzroy* (228 Mass. 487). Applying the gross negligence rule to the facts recited, the court said: " In the case at bar, the record fails to disclose any unusual conditions. The highway was not affected by inclement weather, and no circumstances are shown which should have led the defendant to infer that the curve could not be safely negotiated at the indefinite rate of speed at which the car was being driven at the time of the accident. Certainly there was no vehement protest on the part of the plaintiff as to the operation of the car. Such exclamations as ' Watch out! ' and ' Look out! ' do not indicate any real apprehension upon the plaintiff's part in view of her statement: ' We are going fifty miles an hour and it is just like riding down Main Street.' That statement clearly indicates complete acquiesence in defendant's operation of the automobile. A mere failure to skilfully operate an automobile under all conditions, or to be alert and observant, and to act intelligently and operate an automobile at a low rate of speed may, or may not, be a failure to do what an ordinarily prudent person would have done under the circumstances, and thus amount to lack of ordinary care; but such lack of attention and diligence, or mere inadvertence, does not amount to wanton or reckless conduct, or constitute culpable negligence for which defendant would be responsible to an invited guest."

Section 2154 of the Virginia Code, cited (*supra*), was subsequently enacted and the gross negligence rule applied in *Young* v. *Dyer* (*supra*), was given the force of statute.

The evidence in this case was clearly insufficient to prove gross negligence as defined in the controlling decisions of the

highest court in the State of Virginia. An authoritative and complete review of these decisions will be found in *Carroll* v. *Miller* (175 Va. 388). Of course each case depends upon its own peculiar facts, but each of the decisions emphasizes the distinction between mere lack of care, constituting ordinary negligence, and reckless disregard of the safety of others, constituting gross negligence.

In this case, the complaint should have been dismissed, and accordingly, it is unnecessary to consider defenses predicated upon the Virginia Statutes of Limitation applicable to an action to recover damages for wrongful death.

The judgments should be reversed and the complaint dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Judgments reversed, etc.