## ATLAS IMPERIAL DIESEL ENGINE CO.
### v. LANOVA CORPORATION.

Civil Action No. 980.

United States District Court
D. Delaware.

Aug. 24, 1948.

C. S. Layton, of Richards, Layton & Finger, all of Wilmington, Del., for plaintiff.

Hugh M. Morris and S. Samuel Arsht, of Morris, Steel, Nichols & Arsht, all of Wilmington, Del., Denis B. Sullivan, of New York City, and Arthur H. Boettcher, of Chicago, Ill., for defendant.

LEAHY, District Judge.

This is an action in which the plaintiff, a Diesel engine manufacturer, seeks a judgment declaring a certain license agreement with defendant invalid; declaring that no claim of any of the 39 patents under license is infringed by plaintiff's engines of a design upon which plaintiff has paid royalties to defendant under the license agreement; and further declaring that each of the 39 license patents is invalid. In addition, plaintiff seeks a judgment requiring defendant to refund all monies paid to

plaintiff as royalties plus interest from date of payment. Plaintiff also prays for an injunction enjoining defendant from charging plaintiff or its customers with infringement of the license patents or from bringing suit against them under the patents.

Plaintiff and defendant are both Delaware corporations and jurisdiction is asserted under the patent laws "concerning the validity of Letters Patent of the United States and the question of their infringement by the plaintiff." It is also alleged that jurisdiction is conferred by the Declaratory Judgment Act.

Plaintiff claims that the license agreement is invalid because it "prohibits" plaintiff from manufacturing high speed types of Diesel engines having a piston displacement of more than 1,000 cubic inches, or aeroplane and passenger car engines and that such prohibition is in violation of the anti-trust laws. The part of the license contract which Atlas claims supports this provision provides: "* * * said license being limited to stationary, marine, industrial and automotive engines with a piston displacement of not more than 1000 cubic inches, aeroplane and passenger car engines excepted." To this complaint defendant filed a consolidated motion. The components of such motion are that the complaint should be dismissed for failure to state a claim upon which relief can be granted or for lack of jurisdiction over the subject matter; or summary judgment should be entered in favor of defendant and that if the complaint be not dismissed, to strike specified parts of it; for a more definite statement or bill of particulars and for an order of inspection of documents and engines made by plaintiff.

More specifically, defendant argues that the complaint is based on the assumption that the license agreement "prohibits" and since it does not prohibit, there is no cause of action stated. The defendant also urges that this suit, being one to set aside or cancel a license, is not a suit under the patent laws and hence the court is without jurisdiction since there is no diversity of citizenship. In support of its motion to dismiss, defendant filed an affidavit of its President. The affidavit states defendant has not at any time charged plaintiff with infringement of any claim of any of the 39 patents and it has no knowledge that plaintiff has ever manufactured or sold Diesel engines of any type or design other than those covered by the license agreement. The averments of the affidavit have not been refuted or counteracted.

To the claim of plaintiff for declaratory judgment as to whether engines of high speed type larger than 1,000 cubic inches displacement or for aeroplane or passenger automotive uses would infringe any claim of the license patents, defendant asserts that there is no allegation in the complaint that plaintiff has made or sold such an engine or that it intends presently to make or sell such engines and the allegation that it "is desirous" of making and selling such engines is insufficient to raise a controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C.A. § 400.

To the allegation that such license patents were procured by fraud because the patentee knowingly claimed more than that of which he was the original inventor, defendant urges that plaintiff is not free to attack patents within the scope of the license and no facts are alleged showing a controversy outside the scope of a license.

It should be pointed out that two weeks prior to this action defendant brought an action in the Superior Court of New Castle County, Delaware, against plaintiff, to recover unpaid royalties due by plaintiff to defendant under the license agreement. In the State action special pleas to the declaration were demurred to. In sustaining the demurrers, Judge Carey held that the license agreement did not "prohibit" and that the contract did not restrain trade or competition. See Lanova Corp. v. Atlas Imperial Diesel Engine Co., Del., 55 A.2d 272. No final judgment has been entered in the State action.

Since I have concluded that the motion to dismiss should be granted, it is not necessary to consider the other problems raised by the consolidated motion.

██ The matter is now here at the pleading stage and I am not unmindful of

the admonition of Judge Biggs in Federal Telephone & Radio v. Associated Telephone and Telegraph, 3 Cir., 169 F.2d 1012, that when a case is at the pleading stage "the allegations of the complaint must be tested on a broad basis." I think, however, that even thus tested a motion to dismiss must be granted here. There is nothing to show that the license is invalid and plaintiff, as licensee, can not attack the license patents within the scope of the license. Since no final judgment has been entered in Lanova Corp. v. Atlas Imperial Diesel Engine Co., supra, at this time there can be no application of the doctrine of res judicata. Nevertheless, the Delaware Court held that the license agreement between the parties here did not "prohibit". and that it was not invalid as being in restraint of trade or competition. I take the same view of the license agreement and I think the matter is reenforced by the circumstance that Atlas did not seek to amplify their allegations in the instant case after the Delaware Court rendered its decision. Accordingly, I assume that nothing more can be alleged. Therefore, I think that the license agreement is valid and that it does not violate the anti-trust laws.

The case of Sola Electric. Co. v. Jefferson Elec. Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165, relied on by plaintiff, is not in point here. In that case the license contained a provision forbidden by the anti-trust laws if not justified by a valid patent, whereas in this case the license contains no such provision. I do not understand that the Sola and other recent cases have demolished the rule that a licensee is estopped from attacking the license patents within the license area. The paragraphs which allege that the patents are invalid are, therefore, irrelevant.

■ Moreover, although perhaps not strictly necessary to the decision of the case, this court has no jurisdiction of the subject matter. There is no diversity of citizenship. I do not think this case is one properly brought under the patent laws. Therefore jurisdiction is lacking because obviously the provisions of the Declaratory Judgment Act create no substantive rights and do not enlarge the jurisdiction of the district courts of the United States. Chicago Pneumatic Tool Co. v. Zeigler, 3 Cir., 151 F.2d 784. A suit involving a license agreement is not necessarily a suit under the patent laws even if a patent or claims have to be construed in such a suit. MacGregor v. Westinghouse Electric & Mfg. Co., D.C., 45 F.Supp. 236, affirmed. 3 Cir., 130 F.2d 870[1]; Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 260, 18 S.Ct. 62, 42 L.Ed. 458. The Courts of the State are the proper forums to decide the questions relating to the validity of a patent license even though subsidiary questions as to the scope and validity of the license patents are involved. And the presence of such subsidiary questions does not convert the controversy into one arising under the patent laws.

■ In the field not covered by the license, plaintiff bases its claim to relief upon the allegation that it "is desirous of manufacturing and selling in interstate commerce its said high speed type engines of a size larger than one thousand cubic inch displacement and for aeroplane and passenger automotive use of a design which defendant has and now is contending comes within the scope of its said patent monopoly." It is obvious that the allegation does not establish a justiciable controversy. Cf. dictum in Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68, 70. The existence of "desire" does not establish an "immediate intent" to engage in the enterprise. Further, plaintiff does not charge that defendant has given notice to it or any of its customers of an intent to charge it or them with infringement of any claim of any of defendant's license patents. The unrefuted affidavit of the President of defendant denies such notice. The affidavit further avers that defendant has no information with respect to any act of Atlas upon which defendant could base any such claim of infringement against plaintiff or any of its customers. Accordingly,

---

[1] Nothing that was said in MacGregor v. Westinghouse Electric & Mfg. Co., 329 U.S. 402, 67 S.Ct. 421, 424, 91 L. Ed. 380, adversely affects this Circuit's view.

in the field outside the license there is obviously no actual controversy between the parties.[2]

I am accordingly of the opinion that the complaint should be dismissed.

---

[2] The case is easily distinguishable from Federal Telephone and Radio v. Associated Telephone and Telegraph, 3 Cir., 169 F.2d 1012, where there were advertisements which could be construed as threatening plaintiff or its customers with infringement suits.