### SANFORD v. KEPNER.

No. 10562.

United States Court of Appeals
Third Circuit.

Argued Jan. 11, 1952.

Filed March 24, 1952.

---

388

J. Preston Swecker, Washington, D. C.
(Marshall R. Anspach, Williamsport, Pa.,
on the brief), for appellant.

Ernest F. Mechlin, Washington, D. C.
(Henry N. Paul, Jr., Philadelphia, Pa., Gilbert P. Ritter and Wilmer Mechlin, Washington, D. C., George R. Ericson, St. Louis, Mo., Francis P. Burgess, on the brief), for appellee.

Before GOODRICH and HASTIE, Circuit Judges and BURNS, District Judge.

HASTIE, Circuit Judge.

This litigation began in Patent Office interference proceedings where Sanford and Kepner were the opposing applicants. At that stage the Board of Interference Examiners awarded priority of invention to Kepner who thereupon received a patent covering the counts of interference. Sanford then brought a bill in equity in the district court pursuant to Section 4915 of the Revised Statutes (1875), *as amended*, 35 U.S.C.A. § 63, which provides: "Whenever a patent on application is refused by the Board of Appeals or whenever any applicant is dissatisfied with the decision of the board of interference examiners, the applicant * * * may have remedy by bill in equity * * * and the court having cognizance thereof * * * may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law. * * *" In the district court, the suit was dismissed on the ground that Sanford had failed to sustain the

burden imposed by Morgan v. Daniels, 1894, 153 U.S. 120, 125, 14 S.Ct. 772, 773, 73 L.Ed. 657, of establishing "by testimony which in character and amount carries thorough conviction" that the decision of the Board of Interference Examiners was incorrect. This appeal contests that finding, and also, the refusal of the district judge to pass upon the issue of patentability of the alleged invention. These points will be taken up separately.

I

The general subject matter of the interfering patent applications is a device for tripping the door supporting latches on mine cars of the drop bottom type to permit discharge of the contents of the car. Kepner's application, for "Dump car Control", was filed on August 4, 1943; Sanford's, for "Latch Tripping Mechanism", not until January 3, 1945. In the interference proceedings, therefore, it was incumbent on Sanford, as the junior party, to prove his priority of invention by a preponderance of evidence. This he sought to do by establishing an actual reduction to practice at the rock bin of the Pruden Coal & Coke Company in Tennessee the year before Kepner, by filing application with the Patent Office, had obtained a constructive reduction to practice. The testimonial evidence before the Board of Interference Examiners, however, though subject to conflicting inferences, affords adequate basis for its conclusion that the mechanism tested out at the Pruden Company proved impracticable for its intended purpose, was discarded by the Company in favor of a similar device of demonstrated utility, and was abandoned by its inventor in favor of different lines of development, until after the Kepner application had been filed.

In the district court, Sanford was confronted with a more rigorous burden of proof: Morgan v. Daniels, supra; S. & S. Corrugated Paper Machinery Co. v. George W. Swift, Inc., 3 Cir., 1949, 176 F.2d 358, 360. This he sought to surmount by additional testimony from six witnesses, four of whom had previously testified at the interference proceedings. Their credibility, insofar as affected by demeanor, was, of course, peculiarly within the province of the trier of fact. But beyond this, only one of the witnesses, the president of the coal company, had anything to do with the operation of the Pruden device and his testimony at the trial added nothing to what he already had said at the interference proceedings. The remaining testimony, moreover, was opinion in part, hearsay in part, and, in part, equivocal. The district court was not persuaded by this additional testimony. We think it did not substantially change the overall picture presented at the interference proceedings. And with reference to that picture, in the language of the Morgan case, "It is enough to say that the testimony as a whole is not of a character or sufficient to produce a clear conviction that the patent office made a mistake in awarding priority of invention to the defendant". 153 U.S. at page 129, 14 S.Ct. at page 775. In these circumstances the conclusion reached by the district court should and will be sustained.

Issue is also taken with the holding of the district court that the dispute over priority related to the invention of "a certain latch tripping mechanism for releasing the latch of a protected latch car". Sanford asserts that the invention covered by the counts is "a combination *of* a trackway, a dumping conveyance, a door, a latch *and* tripping mechanism" (italics added); and that he is admittedly the prior inventor of the combination so defined. But the short answer to this contention is that the language of the counts does not lend itself to this construction. Count one is illustrative of all: *"In* conveying mechanism [general class of apparatus], the combination *with* a trackway, a dumping conveyance * * * [etc.; details of old structure], *of* tripping mechanism including * * * [details of improvement]" (italics added). Such reference in a patent claim to the structural setting within which a particular invention has been designed to operate is proper and familiar, but does not enlarge the invention. See Williams Mfg. Co. v. United Shoe Machinery Corp., 1942, 316 U.S. 364, 380, 62 S.Ct. 1179, 86 L.Ed. 1537.

## II

■ Appellant further contends that the patent issued to Kepner upon termination of the interference proceeding is void for lack of invention because disclosed by prior art. As warranting adjudication of this issue he invokes both the Declaratory Judgment Act, 28 U.S.C. § 2201 (1946 ed.) and Section 4915 of the Revised Statutes. But some manifest threat to the interests or ·interference with the activities of the petitioner beyond the issuance of a patent to another is required to create a controversy justiciable under the Declaratory Judgment Act between him whom the patent may injure and the patentee. Treemond Co. v. Schering Corp., 3 Cir., 1941, 122 F.2d 702, 705; followed in Federal Telephone & Radio Corp. v. Associated Telephone & Telegraph Co., 3 Cir., 1948, 169 F.2d 1012, certiorari denied, 335 U.S. 859, 69 S.Ct. 133, 93 L.Ed. 406; Borchard, Declaratory Judgments, 1941 ed., 807. Here there is no claim that Kepner has done anything menacing to Sanford beyond the acquisition of letters patent. Hence, the Declaratory Judgment Act supplies no basis for relief beyond what Section 4915 may provide. The substantial question is whether, in a Section 4915 proceeding, a court, having decided that a claimant does not have priority of invention, should also pass upon the issue of patentability.

■ That question is not raised here for the first time. This court has held that where priority of invention is · decided against the plaintiff in a proceeding under Section 4915, the patentability of defendant's invention should not be adjudicated. Smith v. Carter Carburetor Corp., 3 Cir., 1942, 130 F.2d 555; S. & S. Corrugated Paper Machinery Co., Inc. v. George W. Swift, Jr., Inc., supra, (by implication). Such a judgment merely dismissing the claim of priority, does not "impute any validity to the defendant's patent or approval of the claims thereof as drafted." 130 F.2d at page 560. Were it not for a persisting split of authority in the circuits and a certain measure of ambiguity engendered by what has recently been said by the Supreme Court in Hoover Co. v. Coe, 1945, 325 U.S. 79, at pages 89–90, 65 S.Ct. 955, 89 L.Ed. 1488, we would be content to have the matter rest upon our earlier decision.

While no other circuit has held that in these circumstances the issue of patentability should not be decided, the Court of Appeals for the Sixth Circuit has held such decision unnecessary, when the issue is raised, as here, by the plaintiff who has failed to establish priority of invention; Heston v. Kuhlke, 1950, 179 F.2d 222; Cleveland Trust Co. v. Berry, 1938, 99 F.2d 517; cf., Christie v. Seybold, 1893, 55 F. 69. And, in special circumstances, the Court of Appeals for the Eighth Circuit has found such decision uncalled for even in connection with an award of priority to the plaintiff. Ericson v. Jorgensen, 8 Cir., 1950, 180 F.2d 180, certiorari denied, 340 U.S. 813, 71 S.Ct. 40, 95 L.Ed. 597.

In the Seventh and District of Columbia Circuits, on the other hand, the Courts of Appeals have declared unequivocally that patentability of the invention disclosed is the first issue that should be decided by the court in a Section 4915 suit between parties to a prior interference proceeding. Minneapolis Honeywell Reg. Co. v. Milwaukee Gas Sp. Co., D.C.E.D.Wis.1948, .78 F.Supp. 569, affirmed 7 Cir., 1949, 174 'F.2d 203; Knutson v. Gallsworthy, 1947, 82 U.S.App.D.C. 304, 164 F.2d 497. Both courts cite as controlling authority the case of Hill v. Wooster, 1890, 132 U.S. 693, 10 S.Ct. 228, 33 L.Ed. 502, the significant language from which therefore bears quotation: "The provision of section 4915 is that the circuit court may adjudge that the applicant 'is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear; and that, .if the adjudication is in favor of the right of the applicant, it shall authorize the commissioner to issue the patent. It necessarily follows that no adjudication can be made in favor of the applicant, unless the alleged invention for which a patent is sought is a patentable invention. * * * A determination of that issue [priority of invention] alone, in favor of the applicant, carrying with it, as it does, authority to the commissioner to issue a patent to him

for the claims in interference, would necessarily give the sanction of the court to the patentability of the invention involved." Id., 132 U.S. at page 698, 10 S.Ct. at page 230.

Priority of invention in that suit, however, in contradistinction to this, had been determined in favor of the applicant-plaintiff. And the necessity of passing upon patentability was there predicated upon the scheme of Section 4915 which has made an adjudication of priority in favor of the applicant a sufficient basis for issuance of a patent to him. But nothing in Section 4915 or Hill v. Wooster can be taken as requiring a district court to incorporate in a judgment dismissing applicant's claim of priority of invention an adjudication as to the defendant's entitlement to letters patent.

Appellant further relies, as did the court in Knutson v. Gallsworthy, supra, on what was said in text and supporting footnote by the Supreme Court in Hoover Co. v. Coe, 1945, 325 U.S. 79, 65 S.Ct. 955, 89 L.Ed. 1488, by way of distinguishing and explaining its earlier opinion in Hill v. Wooster:

"* * * [T]his court held [in Hill v. Wooster] that if it appeared that neither application disclosed invention (a matter which should have moved the Commissioner not to declare an interference) the bill should be dismissed.[29]

[Footnote] 29.

"Section 16 of the Act of 1836 * * * expressly provided that upon a bill filed as a result of Patent Office decision on an interference the court might adjudge either of the patents void in whole or in part. This language was evidently omitted in later acts as surplusage, for obviously if either patent was void for lack of invention or other cause, the question of interference disappeared." 325 U.S. at pages 89–90, 65 S.Ct. at page 960.

We think the foregoing language suggests at most a privilege, certainly not a duty, of the district court to pass upon patentability at the instance of an unsuccessful claimant of priority of invention.

The judgment will be affirmed.