**OSTOW & JACOBS, INC., Plaintiff,**

v.

**MORGAN–JONES, INC., and Aileen Mills, Inc., Defendants.**

United States District Court
S. D. New York.
Dec. 16, 1959.

See also, D.C., 178 F.Supp. 150, 181 F.Supp. 208.

Charles Sonnenreich, New York City, for plaintiff.

Burke & Burke, New York City, for defendant Morgan-Jones, Inc., Harold W. Wolfram, George I. Harris, New York City, of counsel.

DIMOCK, District Judge.

This is a motion to dismiss the action as to defendant Morgan-Jones, Inc., hereinafter Morgan-Jones, on the ground that no claim within the jurisdiction of the federal court is made against it.

The action is one for a declaratory judgment that a patent held by defendant Aileen Mills Co., Inc., hereinafter Aileen, is invalid and not infringed and for an injunction and accounting. There was also a claim of monopolistic activities but that has been withdrawn by stipulation.

Both parties have submitted affidavits. It appears from these and from uncontroverted allegations in the complaint that plaintiff Ostow & Jacobs, Inc., here-inafter Ostow & Jacobs, and defendant Morgan-Jones are both corporations of the State of New York, so that diversity of citizenship is absent. Ostow & Jacobs and Aileen are both engaged in the manufacture of bedspreads. Morgan-Jones is an exclusive selling agent of Aileen. It never takes title to the goods sold and they pass directly from Aileen to customers obtained by Morgan-Jones. On May 7, 1959, Morgan-Jones addressed a communication "To: all Morgan-Jones Salesmen, Distributors Retail Bedspread Buyers" enclosing an extract from the Daily News Record for April 21, 1959, which stated that Aileen and Morgan-Jones had filed suit against Ojay Mills, Inc. charging patent infringement and unfair competition in the sale of bedspreads. It referred specifically to the patent here involved. Ojay Mills was a contractor used by plaintiff to manufacture its bedspreads. The letter accompanying the extract from the Daily News Record contained the following statements:

"We felt that it was our obligation to let you know that we have brought suit against Ojay Mills for patent infringment and unfair competition, as per the attached announcement in the April 21st issue of the Daily News Record. We are determined to fight this case through to the finish in order to protect our patents and the considerable sum of money we have spent in promoting and developing our outstanding bedspread, MOONBEAM.

"We hope that by taking a firm stand on the MOONBEAM infringement and any other Morgan-Jones' styles that are copied, that we will help to protect those manufacturers who are dedicated to pioneering and developing new styles and textures. We also hope that this action will have a salutary effect on any other would be infringer of our designs or patents.

"We want to assure you that we will do everything in our power—legally, promotionally and financially

—to preserve and protect the outstanding styles that we develop."

When this communcation reached plaintiff's customers, plaintiff, regarding it as a threat to its customers based on a claim of validity and a claim of infringement both of which it deemed unfounded, brought this action against defendants Morgan-Jones and Aileen for a declaratory judgment, an injunction and an accounting.

Plaintiff contends that the federal court has jurisdiction over the claim against Morgan-Jones which is at present under attack and that jurisdiction is conferred by section 1338(a) of title 28 U.S.Code, which gives such jurisdiction "of any civil action arising under any Act of Congress relating to patents".

■ The federal courts have jurisdiction over a suit for a declaratory judgment that a patent is invalid or uninfringed where the defendant is the owner of the patent or a licensee under it. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 200 F.2d 876; A. L. Smith Iron Co. v. Dickson, 2 Cir., 141 F.2d 3. See for examples of suits claiming that the patent is uninfringed, Derman v. Gersten, D.C.E.D.N.Y., 22 F. Supp. 877 and Grip Nut Co. v. Sharp, 7 Cir., 124 F.2d 814. Here, however, defendant Morgan-Jones is a mere agent. Morgan-Jones does no more than arrange sales by Aileen to customers of Aileen. Morgan-Jones is an agent of Aileen in the strictest sense of the word. Its actions are the actions of Aileen. To hold that Morgan-Jones is a licensee would be to say that the sales manager of Aileen is a licensee.

■ The federal courts would refuse to entertain such a suit against an entire stranger to the patent. This would not be because there would be no federal jurisdiction but because there would be no controversy within the requirements of the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202. See A. L. Smith Iron Co. v. Dickson, supra, 141 F.2d at pages 6–7. Whether in dealing with the present case Morgan-Jones should be treated like a stranger to the patent or like a licensee is a question that I need not decide in view of the conclusion hereinafter reached that this court has jurisdiction of this particular claim against Morgan-Jones as a suit based on disparagement of plaintiff's right to sell its bedspreads by stating that they infringe Aileen's patent.

■ It cannot be denied that a suit for disparaging plaintiff's right to sell bedspreads is not literally one "arising under any Act of Congress relating to patents" within the words of section 1338(a). It has been found sufficient to confer jurisdiction, however, if some aspect of federal law is essential to plaintiff's success. Smith v. Kansas City Title Co., 255 U.S. 180, 41 S.Ct. 243, 65 L. Ed. 577. The question thus arises whether it is essential to plaintiff's success that it prove that the patent is invalid or uninfringed.

■ This is not a matter to be determined by reference to federal law. A claim in a suit for disparagement of goods by asserting that they infringe a patent is created by state and not by federal law. In American Well Works Co. v. Layne, 241 U.S. 257, at page 260, 36 S. Ct. 585, at page 586, 60 L.Ed. 987, Mr. Justice Holmes said of such a suit:

"But whether it is a wrong or not depends upon the law of the state where the act is done, not upon the patent law, and therefore the suit arises under the law of the state."

■ Since no federal law governs, I must determine what state law to look to. That determination will require the application of some rule of conflict of laws so I should first determine what sovereignty's conflict of laws rule that shall be. As will hereinafter appear almost all of the contacts here involved were with the State of New York. Thus there are only two conceivable sovereignties whose rule could be applied, the United States and the State of New York. I incline to the view that the federal court cannot apply the conflict of laws rule of another sovereignty since

the very purpose of such a rule is to aid in the determination of what law shall be applied and the conflict of laws rule must, of necessity, be applied before that determination is made. Nevertheless the tort conflict of laws rules under the laws of both the United States and the State of New York are identical so that the question is academic here. Under the rule of each sovereignty the law of the place of the wrong is to be applied in tort cases. This appears for the United States in Slater v. Mexican National R. Co., 194 U.S. 120, 24 S.Ct. 581, 48 L. Ed. 900, one of the cases decided "under the regime of" Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, which, in the words of Clearfield Trust Co. v. United States, 318 U.S. 363, 367, 63 S.Ct. 573, 575, 87 L.Ed. 838, stand "as a convenient source of reference for fashioning federal rules applicable to these federal questions." See also Spokane & Inland Empire Railroad Company v. Whitley, 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060. New York's adoption of the rule that the law of the place of the wrong is to be applied is evidenced by Kerfoot v. Kelley, 294 N.Y. 288, 62 N.E.2d 74, certiorari denied 326 U.S. 764, 66 S.Ct. 146, 90 L.Ed. 460 and M. Salimoff & Co. v. Standard Oil Co., 262 N.Y. 220, 186 N.E. 679, 89 A.L.R. 345.

Stating the rule, of course, does not state where the wrong occurred, and the choice of law in unfair competition and defamation cases where the disparagement has been circulated in many states has often presented considerable difficulties. See, e. g., Mattox v. News Syndicate Co., 2 Cir., 176 F.2d 897, 12 A.L.R.2d 988; Palmisano v. News Syndicate Co., D.C.S.D.N.Y., 130 F.Supp. 17; Dale System, Inc., v. Time, Inc., D.C.D. Conn., 116 F.Supp. 527. Fortunately, determining where the wrong occurred is not a difficult problem in this case as almost all the contacts involved are in New York. Not only is New York the forum state, but plaintiff is a New York corporation doing business in New York. Defendant Morgan-Jones is likewise a New York corporation and the threatening letter emanated from its New York office. The affidavits do not indicate where the letter was circulated, but it is a fair assumption that a selling agent in New York would have customers in New York. Applying the rule that the law of the place of wrong governs, I find that the wrong occurred in New York and that New York law, therefore, determines whether a right of action exists in favor of plaintiff. New York law is clear to the effect that a person whose business is damaged by false and malicious statements of a competitor has a right of action against the competitor. Union Car Advertising Co. v. Collier, 263 N.Y. 386, 189 N.E. 463; Nann v. Raimist, 255 N.Y. 307, 174 N.E. 690, 73 A. L.R. 669; Allen Mfg. Co., Inc. v. Smith, 224 App.Div. 187, 229 N.Y.S. 692. The Union Car case also makes it clear that it is part of the plaintiff's case to establish that the statements were false and malicious. "The part in italics" [of the letter written by a defendant], said the court at page 397 of 263 N.Y., at page 468 of 189 N.E., "has reference to the plaintiff or to the man behind the plaintiff, Mr. Wineburgh, and it is said that these statements were false and malicious. The plaintiff must prove them to be such or he has no case." Since proof of the invalidity of the patent relied on by Morgan-Jones or its non-infringement is therefore essential to plaintiff's claim, the case against Morgan-Jones "arises under" the patent laws.

While I am satisfied that I am required to apply the New York law that, in a suit for unfair competition by statements which caused damage to the plaintiff, the plaintiff must prove that the statements were false, I cannot shut my eyes to the fact that Mr. Justice Holmes in the case of American Well Works Co. v. Layne, 241 U.S. 257, 36 S.Ct. 585, supra, under facts practically identical with those alleged in the case at bar, stated that the burden was on the defendant and did not expressly confine the rule to the law of any particular jurisdiction.

In that case the plaintiff alleged that it owned, manufactured and sold a cer-

tain pump. It alleged that the defendant falsely and maliciously libelled and slandered the plaintiff's title to the pump by stating that the pump and certain parts thereof were infringements upon the defendant's pump and certain parts thereof for which defendant claimed to have a valid patent. Actual and punitive damages were sought. Mr. Justice Holmes, for the Supreme Court, with only Mr. Justice McKenna dissenting, held that the federal court was without jurisdiction, saying, first, that plaintiff was under no obligation to prove anything concerning the defendant's patent or that the plaintiff did not infringe it, and second, that a suit "arises" under the law that creates the cause of action and this suit did not arise under any Act of Congress but rather under the law of the state.

Mr. Justice Holmes' second point is no longer important since it has since been held in Smith v. Kansas City Title Co., 255 U.S. 180, 41 S.Ct. 243, supra, that the claim need not literally "arise under" the federal law but that the federal court has jurisdiction if some aspect of federal law is essential to the plaintiff's success. The Supreme Court reached that result in the Smith case despite dissent by Mr. Justice Holmes and his citation, 255 U.S. at page 215, 41 S.Ct. at page 250, of his decision in the American Well Works case.

The statement that the plaintiff in one of these cases is under no obligation to prove anything concerning the defendant's patent or that the plaintiff did not infringe it has never been repudiated by any federal case so far as I have been able to ascertain. Yet under that rule, whenever the holder of a patent gives notice to holders and users of some competitive device that he regards the device as an infringement of his patent and that he will hold them responsible for its sale or use or manufacture, the manufacturer of the competitive device may sue the holder of the patent and put him to his proof without proof on the part of the plaintiff that the defendant's statement that the patent was valid and in-

fringed was false. This runs counter to the almost universal principle that a plaintiff, in order to recover judgment against one of his fellow men, must show that a wrong has been committed. In announcing his rule, Mr. Justice Holmes relied upon a Massachusetts case, Moran v. Dunphy, 177 Mass. 485, 59 N.E. 125, decided in 1901 as authority in the case before him which had come up from the United States District Court for the District of Arkansas. The rule was stated by Mr. Justice Holmes in the terms of the rule of the law of libel and slander that truth is an affirmative defense, a rule which is completely inappropriate where nothing but the validity and construction of a patent is involved but, as is stated by Callmann in his work on Unfair Competition and Trade-marks, 2d edition, § 39.1, vol. 2, p. 690, "The disparagement of a competitor and his product has been considered, until recently, a branch of the general law of torts, governed by the law of libel and slander. Here again the courts have ignored the applicability of the law of unfair competition and have thus subjected the disparagement case to all the peculiarities of the law of torts, further hampering its development by insisting on this unrealistic approach." The modern development of the law is exemplified in the Restatement of Torts, adopted May 12, 1938. At that time the American Law Institute adopted section 651, reading in part as follows: "(1) In an action for disparagement of property in or quality of land, chattels or intangible things, the plaintiff has the burden of proving, when the issue is properly raised * * * (c) the untruth of a disparaging statement of fact or the dishonesty of a disparaging expression of opinion". The comment states "(b) The rules stated in this Subsection, except the rule stated in Clause (c), are similar to those stated in § 613 as applicable in actions of defamation and the Comments on those Sections are therefore pertinent to this Subsection. The rule stated in Clause (c) is directly contrary to the rule in actions of defamation which holds the

publisher of defamatory matter to the strict proof of its truth as a matter of defense. The rule stated in Clause (c) makes it part of the plaintiff's case to prove the untruth of a disparaging statement of fact or the dishonesty of a disparaging statement of opinion."

█ My conclusion is that plaintiff has stated a claim against Morgan-Jones under which plaintiff cannot recover without establishing either that a patent is invalid or that it is not infringed. Thus an aspect of the federal law of patents is essential to plaintiff's success and, under the doctrine of Smith v. Kansas City Title Co., 255 U.S. 180, 41 S.Ct. 243, supra, the claim is one arising under an Act of Congress relating to patents.

The motion to dismiss is denied.

So ordered.