**JFD ELECTRONICS CORP., Plaintiff,**

v.

**CHANNEL MASTER CORP., Defendant.**

United States District Court
S. D. New York.

May 22, 1964.

count. This avers in brief that Channel Master owns the so-called Greenberg patent, a United States patent issued to it on April 16, 1963; that Channel Master has charged that "log periodic" antennas made and sold by JFD infringe the Greenberg patent and "has threatened plaintiff with infringement suits"; that these threats and charges damage plaintiff with its customers; and that the Greenberg patent is invalid. The relief asked is that the patent be declared invalid, that Channel Master be enjoined from charging infringement and from "suing or threatening to sue plaintiff or any of its customers or users of its products for alleged infringement", that JFD have damages, etc.

The complaint can be taken to assert two claims, one that the Greenberg patent is invalid and another that the "log periodic" antennas made by plaintiff are not covered by the claims of the Greenberg patent. The first of these claims is stressed in the complaint; the second is stressed by plaintiff in opposition to this motion.

The complaint shows that there is no diversity of citizenship. Jurisdiction is claimed under 28 U.S.C. § 1338(a)—as a "civil action arising under any Act of Congress relating to patents * * *" —and under 28 U.S.C. §§ 2201, 2202 ("declaratory judgments").

What the complaint failed to show by way of background, the moving papers of Channel Master have supplied.

It appears that some ten years ago the two parties were engaged in extensive litigation over an earlier "Rainbow" patent of Channel Master. That litigation was finally settled by agreement, part of which involved the execution by the two parties of a license agreement dated as of November 10, 1955. The existence of this license agreement is highly significant in respect of the present motion.

Under the agreement each party grants a non-exclusive license to the other under all its patents then (November 10, 1955) existing and also under all

Ostrolenk, Faber, Gerb & Soffen, New York City, for plaintiff; Sidney G. Faber, New York City, of counsel.

Darby & Darby, New York City, for defendant; Morris Relson, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendant ("Channel Master") for summary judgment dismissing the action. Fed.R.Civ.P. 56 (b).

Plaintiff ("JFD") and Channel Master each make and sell radio and television antennas. They are competitors.

JFD brings this action for a declaratory judgment on a complaint with one

patents thereafter granted on applications filed within ten years.

The Greenberg patent of Channel Master is thus one under which JFD has a license by virtue of the agreement.

Royalty of 2% of the net selling price is agreed to be paid on "each licensed apparatus" and "licensed apparatus" is elsewhere defined to be any antenna "coming within the scope of any of the claims of any of the issued licensed patents which have not expired".

It is specifically provided that each party acknowledges the validity of the patents of the other and further agrees that it will not "aid or abet any attack upon the validity" of any patent of the other.

Defendant apparently concedes for purposes of this motion that it has charged in the trade an infringement by plaintiff of the Greenberg patent, that is, that plaintiff has charged that the claims of the Greenberg patent cover the LPV or "log periodic" antennas made and sold by plaintiff. In this highly technical field, it is not easy for an outsider readily to recognize a charge of infringement. In any event, JFD says Channel Master has charged JFD in the trade with infringement and Channel Master does not deny it.

■ The position of Channel Master is that JFD as a licensee may not attack the validity of the Greenberg patent because it is estopped to do so. United States v. Harvey Steel Co., 196 U.S. 310, 25 S.Ct. 240, 49 L.Ed. 492 (1905); Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 175, 63 S.Ct. 172, 87 L.Ed. 165 (1942). Counsel for JFD appear to concede that this position is correct and in any event this Court sustains that position.

As to charges of infringement, the position of Channel Master is that there being no diversity jurisdiction this Court has no jurisdiction of any claim by plaintiff based on any such charges because such a claim does not arise "under any Act of Congress relating to patents". 28 U.S.C. § 1338(a). This position is believed to be in error.

■ The nearest case in point is Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., 180 F.Supp. 38 (S.D.N.Y.1959). Judge Dimock there reasoned that charges of infringement amounted to defamation of product, a type of unfair competition and a cause of action under New York law. Judge Dimock further reasoned that to prove such a cause of action plaintiff must show either invalidity of the patent involved or non-infringement; that thus "an aspect of the federal law of patents is essential to plaintiff's success" (180 F.Supp. at 43); and that this Court has jurisdiction of the action as one arising under the patent laws within the doctrine of Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921).

Nothing can be added to Judge Dimock's scholarly discussion and I propose to follow his decision, as did Judge Metzner in I.C.E. Corp. v. Armco Steel Corp., 201 F.Supp. 411, 413 (S.D.N.Y. 1961). See also Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F. 2d 876 (2d Cir. 1952).

The case of Atlas Imperial Diesel Engine Co. v. Lanova Corp., 79 F.Supp. 1002 (D.Del.1948), cited for movant Channel Master, is believed to be clearly distinguishable as involving only a claim of invalidity by a licensee without any claim of non-infringement. Moreover, as the District Court pointed out (79 F. Supp. at 1005, footnote 2) there were no charges of infringement by defendant.

The motion by defendant for summary judgment is accordingly granted to the extent that paragraph 7 of the complaint and all other references therein to the validity of the Greenberg patent are struck out.

Plaintiff is directed to serve within ten days an amended complaint limited to the claim that the antennas made and sold by plaintiff are not covered by the Greenberg patent.

In the event that no amended complaint is served, an order may then be submitted by defendant dismissing the action.

So ordered.