**DAL–BAC (PTY.), LTD., Plaintiff,**

v.

**FIRMA ASTORWERK OTTO BERNING & CO. and Approved Accessories, Inc., Defendants.**

United States District Court
S. D. New York.
June 30, 1965.

---

See also D.C., 244 F.Supp. 516.

Benjamin T. Rauber, New York City, for plaintiff.

Samuel L. Davidson, Herbert J. Jacobi, Donald A. Kaul, Washington, D. C., of counsel.

Ernest G. Montague, New York City, for defendants.

WYATT, District Judge.

This is a motion by defendants (styled a "cross motion") to dismiss the action as to defendant Approved Accessories, Inc. because "it is not a patentee nor a licensee of the patent in suit." (moving memorandum, page 1).

There is no affidavit in support of the motion, which would suggest that the motion is on the face of the complaint. On the other hand, there is a reference in the moving memorandum to "Defendants' Exhibits 1 and 2" which seems to be a reference to papers submitted on another motion.

Although it is not clear from the moving papers, this motion is presumably meant to raise the questions of lack of jurisdiction over the subject matter (Fed. R.Civ.P. 12(b)(1)) and failure to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b) (6).)

The motion must be denied.

Plaintiff, Dal-Bac (Pty.) Ltd. ("Dal-Bac") is a corporation organized under the laws of the Republic of South Africa. Defendant Firma Astorwerk Otto Berning & Co. ("Astor") is a corporation organized under the laws of the Federal Republic of Germany (West Germany). Both Dal-Bac and Astor are engaged in the manufacture of "belt buckles adapted to be covered with fabric." (complaint, para. (8)). Defendant Approved Accessories, Inc. ("Accessories") is, at minimum, a "sales agent" (answer, para. 4) with "distribution rights" (moving memorandum, page 1) for the Astor product in the United States and Canada. Apparently Accessories is a Canadian corporation (answer, para. 3); it is a matter of dispute between the parties as to whether or not it is doing business in New York (cf. complaint, para. 3, with answer, para. 3). There is no averment of an amount in controversy.

The action is one for a declaratory judgment (28 U.S.C. §§ 2201, 2202) that United States Letters Patent No. 2,924,-865—a patent for a "buckle for belts or the like"—are invalid or, if valid, that the Dal-Bac product does not infringe.

Astor is assignee of the inventor Rudolf Berning (complaint, para. 5). Accessories is alleged to be a licensee under the patent in suit (complaint, para. 6); this is denied by Accessories (answer, para. 4). Dal-Bac also seeks an injunction on the grounds that both defendants "have misused the patent in attempting to dominate non-patented items" (complaint, para. 17) and that both defendants "have unfairly competed" by means of intimidation through repeated threats of "expensive patent litigation" (complaint, para. 18). Astor, in a counterclaim, alleges that Dal-Bac is infringing its patent and seeks (1) dismissal of the declaratory judgment action and (2) an injunction against further infringement, and accounting, etc. Jurisdiction is said to be under 28 U.S.C. §§ 1338, 1391(c), 2201, 2202.

■ It is clear that the federal courts have jurisdiction over a suit for a declaratory judgment that a patent is valid or not infringed if the defendant is the owner of the patent or a licensee under it. Technical Tape Corp. v. Minnesota Mining and Manufacturing Co., 200 F.2d 876 (2d Cir. 1952). Jurisdiction rests on 28 U.S.C. § 1338(a)— as a "civil action arising under any Act of Congress relating to patents"—and on 28 U.S.C. §§ 2201, 2202 ("declaratory judgment"). Jurisdiction does not depend on diversity of citizenship (JFD Electronics Corp. v. Channel Master Corp., 229 F.Supp. 514 (S.D.N.Y.1964)), nor the amount in controversy (Utah Radio Products Co. v. Boudette, 78 F.2d 793, 800 (1st Cir. 1935)). Moreover there can be no doubt that the federal courts have jurisdiction over a claim for unfair competition joined with a claim of patent invalidity or non-infringement. 28 U.S.C. § 1338(b); Telechron, Inc. v. Parissi, 197 F.2d 757 (2d Cir. 1952).

■ On the other hand, where a party defendant to an action for declaratory judgment is not an owner nor a licensee but an entire stranger to the patent involved, there is no "actual controversy" (28 U.S.C. § 2201) and the action should not be entertained. Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., 180 F.Supp. 38, 40 (S.D.N.Y.1959).

Movant relies on this principle here, asserting that it is neither owner nor licensee.

■ It need not be decided whether or not movant is a stranger to the patent, because the nature of the *unfair competition* charged against both defendants in the complaint gives this Court jurisdiction.

The complaint alleges that the defendants did unfairly compete by requesting plaintiff's customers to refrain from buying Dal-Bac buckles because, the defendants said, it infringed the patent in suit. Furthermore, the complaint alleges that the defendants, particularly Accessories, intimidated Dal-Bac's customers by threatening expensive patent litigation against Dal-Bac's customers. Obviously whether the plaintiff can recover against Accessories on this claim depends on whether the patent is declared invalid or if valid not infringed by Dal-Bac's product. Federal law is thus "essential" to recovery and therefore this is a "civil action arising under [an] Act of Congress relating to patents." 28 U.S.C. § 1338(a).

"Thus an aspect of the federal law of patents is essential to plaintiff's success and, under the doctrine of Smith v. Kansas City Title Co., 255 U.S. 180, 41 S.Ct. 243, [65 L.Ed. 577 (1921)], supra, the claim is one arising under an Act of Congress relating to patents. [28 U.S.C. § 1338 (a)]." Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., above at 180 F.Supp. 43.

The motion is denied.

So ordered.