THIOKOL CHEMICAL CORPORATION,
Plaintiff,

v.

BURLINGTON INDUSTRIES, INC., and
Avisun Corporation, Defendants.

Civ. A. No. 3782.

United States District Court,
D. Delaware.

May 25, 1970.

Thomas S. Lodge, of Connolly, Bove & Lodge, Wilmington, Del., William C. Conner and Gordon K. Lister, of Curtis Morris & Safford, New York City, Joseph A. McManus, James E. Hughes, and Hugh F. Fitzgerald, of Coudert Brothers, New York City, of counsel, for plaintiff.

H. Albert Young and Edward B. Maxwell, 2d, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., Wallace D. Newcomb and Frank J. Benasutti, of Paul & Paul, Philadelphia, Pa., and Hyde W. Ballard, Norristown, Pa., of counsel, for defendant Burlington Industries, Inc.

Aubrey B. Lank and William H. Uffelman, Jr., of Theisen, Lank & Kelleher, Wilmington, Del., C. Frederick Leydig and Dennis R. Schlemmer, of Wolfe, Hubbard, Leydig, Voit & Osann, Chicago, Ill., and Richard J. Goetsch and William T. McClain, Chicago, Ill., of counsel, for defendant Avisun Corporation.

## OPINION

CALEB M. WRIGHT, Chief Judge.

This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

Defendants have moved to dismiss the complaint against them on the grounds that it fails to state a claim upon which relief can be granted and that the Court lacks jurisdiction over the subject matter. Fed.R.Civ.P. 12(b) (6) and 12 (b) (1). Defendants assert that the complaint fails to set forth the existence of an actual controversy between plaintiff and defendants of which this Court has jurisdiction to grant declaratory relief.

Plaintiff seeks a judgment declaring that two types of its carpet backing are not covered by patents under which it is licensed by defendant Burlington, that the licensed patents are invalid, that the licensed patents have been misused, and that no royalties are payable to defendant Burlington under the license. Plaintiff further seeks judgment against Burlington for all royalties paid under the patents declared invalid and for the costs of this litigation. Defendant Avisun is joined because it is alleged to be the owner of one of the patents under license, although Burlington had been granted certain rights in the patent, including the right to grant licenses.

Plaintiff and defendant Burlington are successors in interest to an agreement dated May 28, 1964, between W. R. Grace & Co., and James Lees and Sons Company. By that agreement plaintiff has a non-exclusive license under U. S. Patents Number 3,110,905, 3,336,178, and 3,359,934. Plaintiff notified defendant shortly before commencing this litigation that it would no longer pay royalties on its Type 3013 carpet backing and did not intend to pay royalties on its Type 3011, soon to come on the market. Although the license agreement is terminable by the licensee on ninety days notice, no notice had been given when this action was begun on September 19, 1969. Plaintiff's counsel represented to the Court at oral argument that plaintiff gave notice in late December of 1969.

Plaintiff asserts that this action "arises under" the patent laws of the United States, 28 U.S.C. § 1338(a), in that it seeks a determination that the patents are invalid and not infringed. The thrust of its argument is that "After Lear, Inc., v. Adkins[1] removed the licensee's disqualification to attack the validity of the licensed patents, a licensee may sue for a declaratory judgment of invalidity if there is a justiciable controversy between the licensor and licensee respecting validity."

Since it is Congress alone which can enlarge the jurisdiction of the fed-

1. 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969).

eral courts, plaintiff's position must be that *Lear* removed an impediment in the substantive law to the exercise of a jurisdiction which already existed. For the reasons set forth hereafter, the Court is of the opinion that the decision in *Lear* has little or no effect on the issues here, and that plaintiff's position is erroneous.

█ Equitable estoppel prevents a party from relying on an otherwise valid theory or claim, not because the Court lacks jurisdiction to hear it, but because it would be unfair to permit him to assert it. The Supreme Court pointed out in *Lear* that licensee estoppel arose from the conviction that it would be unjust to permit a licensee to attack patents whose benefits he had sought and received. Lear, Inc. v. Adkins, supra, at 668, 89 S.Ct. 1902. See also n. 14. The Court put an end to the doctrine, because it was felt to be inconsistent with the federal policy of free competition in use of ideas in the public domain. Id., at 674, 89 S.Ct. 1902. *Lear* arose as a suit by a licensor for royalties, and nothing said therein relates to the jurisdiction of the federal courts over a licensee's request for a declaration of invalidity asserted in an independent action.

If, therefore, the instant action is within this Court's jurisdiction, it is not because plaintiff is now permitted to assert a defense to a contract action heretofore unavailable to it. It is because plaintiff's action comes to the Court as a result of an actual controversy between the parties which "arises under" the patent laws.

█ It is clear that federal courts have jurisdiction of actions to declare particular patents invalid and not infringed. General Tire and Rubber Co. v. Watkins, 326 F.2d 926 (4th Cir. 1964). In such proceedings, however, the courts have been careful to determine that the plaintiff has in fact been charged with infringement. Sanford v. Kepner, 195 F.2d 387, 399 (3d Cir. 1952), aff'd 344 U.S. 13, 73 S.Ct. 75, 97 L.Ed. 12 (1952),

McCurrach v. Chenery Bros., 152 F.2d 365, 367 (2d Cir. 1945), Engler v. General Electric Co., 29 F.Supp. 421, 422 (S.D.N.Y.1939), Smith-Corona Marchant, Inc. v. American Photocopy Equip. Co., 214 F.Supp. 348 (S.D.N.Y. 1962), Forest Laboratories, Inc. v. Formulations, Inc., 299 F.Supp. 202, 211, 212 (E.D.Wis.1969). The charge of infringement creates a justiciable controversy between the parties and the declaratory remedy permits a plaintiff to have an adjudication of the patent's validity and scope without waiting for suit by the patentee.

█ Defendants state that they have made no charge of infringement of the licensed patents; indeed, they could not. MacGregor v. Westinghouse Electric & Mfg. Co., 45 F.Supp. 236, 237 (W.D.Pa.1942). The purpose of a license agreement is to insulate those who pay for the use of patented processes or products from infringement charges and the burden of litigation. There are three situations only when a licensee could be charged with infringement: (a) the allegedly infringing devices are not covered by the license; (b) the license has expired; or (c) plaintiff has repudiated the license. Ski Pole Specialists, Inc. v. MacDonald, 159 U.S.P.Q. 709, 711, n. 4 (1969). None of those conditions is present in the instant case. The notice given in December, 1969, caused the agreement to terminate in March, 1970, but that fact cannot confer jurisdiction retroactively on this Court. Forest Laboratories, Inc. v. Formulations, Inc., 299 F.Supp. 202, 212 (E.D.Wis.1969).

Counsel represented to the Court at oral argument that defendant has filed an action in Pennsylvania state court seeking royalties under the license. Plaintiff urges that defendant's position in the state action establishes a controversy between them and makes this an appropriate case for the declaration of their rights. There is no question that plaintiff and defendant are embroiled in a dispute about the license agreement and the underlying patents. Passing the question of whether this Court may con-

sider counsel's representations of litigation pending elsewhere on this motion to dismiss, plaintiff's position ignores the requirement of 28 U.S.C. § 2201 that the controversy be one within the jurisdiction of the federal court. The rights and remedies of these parties are controlled by the state law of contract which they chose to invoke. Federal questions will likely be reached in the state litigation, but it will take more than the abolition of licensee estoppel to convert those questions into a case "arising under" the patent laws of the United States.

In MacGregor v. Westinghouse Electric & Mfg. Co., supra, 45 F.Supp. at 237, the Court said:

> "Actions brought to enforce contracts involving patent rights are not actions arising under the patent laws of the United States of which the Federal Courts have exclusive jurisdiction irrespective of citizenship. Such 'suits not only may, but must, be brought in the state courts.' Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458."

The only action which the defendant could bring against the plaintiff at the time this litigation was commenced was a contract suit in the state court. But cf. Leesona Corp. v. Concordia Mfg. Co., Inc., 165 U.S.P.Q. 386 (D.R.I.1970).

■ In Public Service Comm'n. v. Wycoff Co., 344 U.S. 237, at 248, 73 S. Ct. 236, 242, 97 L.Ed. 291 (1952), Mr. Justice Jackson said, "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." In the instant case, as in Wycoff, the realistic position of the parties is reversed, and the plaintiff seeks to have this Court declare that it has a valid defense to defendant's state court contract suit. This action is not one arising under the patent laws.

In a case decided after the decision in Lear, the Tenth Circuit agrees that Wycoff forbids actions of this type. Product Engineering & Manufacturing, Inc. v. Barnes, 165 U.S.P.Q. 229 (10th Cir. 1970). Even before Lear, Judge Leahy of this Court indicated that an action by a licensee to declare invalid the license agreement and the underlying patents did not confer federal jurisdiction. Atlas Imperial Diesel Engine Co. v. Lanova Corporation, 79 F.Supp. 1002, 1004 (D.Del.1948). See also MacGregor v. Westinghouse Electric & Mfg. Co., supra, and Ski Pole Specialists, Inc. v. MacDonald, supra.

Plaintiff urges that since the agreement is now terminated and infringement becomes a viable issue, this Court is the only forum in which all issues may be adjudicated. Additionally, says plaintiff, the real possibility of two trials risks inconsistent determinations of the patents' validity. The short answer is that this action is no more proper for determination of the infringement issue than the state action. At the time it was filed, plaintiff could not infringe. As to the risk of inconsistent adjudications, this Court has confidence that the principles of res judicata and collateral estoppel insure against the horror of relitigating validity between the same parties. See Vanderveer v. Erie Malleable Iron Co., 238 F.2d 510 (3d Cir.1956).

■ Finally plaintiff urges that this Court has jurisdiction of its action for a declaration of non-use, citing JFD Electronics Corp. v. Channel Master Corp., 229 F.Supp. 514 (S.D.N.Y.1964). Although language in that opinion seems to support plaintiff's assertion, the Court believes the case is inapposite. Plaintiff there was a licensee under the patent whose invalidity and non-infringement it asserted. Judge Wyatt held on summary judgment that the licensee was estopped to assert invalidity, but that adjudication of the non-infringement claim would be proper. The result appears to flow from Judge Wyatt's conviction that Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., 180 F.Supp. 38 (S.D.

N.Y.1959) was controlling. *Ostow & Jacobs* was a defamation of product case, wherein Judge Dimock sustained federal jurisdiction because "an aspect of the federal law of patents is essential to plaintiff's success." 180 F.Supp. at 43. From the portions of the complaint and prayers for relief quoted in *JFD*, and the apparent concession by defendant that it had "charged in the trade an infringement by plaintiff of the Greenberg patent," it appears that defendant had made known to the plaintiff's customers that sale or use of the accused product subjected them to potential infringement litigation. Under those circumstances, the Court had jurisdiction for the reasons stated in *Ostow & Jacobs*. To the extent that *JFD* indicates that a licensee who asserts non-use only of licensed patents may resort to the federal courts for declaratory relief, this Court expresses its respectful disagreement.

Defendants' motion to dismiss the complaint will be granted. Submit order in accordance herewith.