**SOLENOID DEVICES, INC., a corporation, Plaintiff,**

v.

**LEDEX, INC., a corporation, Defendant. No. 65–480.**

United States District Court
S. D. California,
Central Division.
May 5, 1965.

---

Smyth, Roston, & Pavitt, Los Angeles, Cal., for plaintiff.

No appearance for defendant.

BYRNE, District Judge.

On March 26, 1965, Solenoid Devices Inc. filed in this court a complaint for declaratory judgment of patent invalidity against Ledex Inc. Plaintiff alleged that since the summer of 1963, it has been designing, manufacturing and selling certain electro-mechanical devices, among which is a certain rotary solenoid; that on September 15, 1964, a U. S. patent was issued to defendant (as assignee of the applicant) for a "solenoid operated rotary actuator"; that subsequent to the issuance of that patent defendant asserted to plaintiff that plaintiff's rotary solenoid infringed the patent, that the patent was valid, and that plaintiff should obtain a license under the patent to be able to continue selling its rotary solenoid; that plaintiff has asserted to defendant that the patent is invalid and has declined to take a license thereunder; that notwithstanding plaintiff's advice to

defendant that the patent is invalid, defendant has continued to assert the validity of the patent and continues to assert to plaintiff that plaintiff's rotary solenoid constitutes an infringement, but without bringing suit for infringement.

On April 9, 1965, this court in the exercise of its discretion, ordered the dismissal of the action, as the complaint did not allege a "controversy" within the meaning of the Declaratory Judgments Act (28 U.S.C. § 2201), but only an abstract or hypothetical question arising from a casual disagreement between the parties as to whether the patent was valid or invalid.

On April 15, 1965, plaintiff filed a motion requesting the court to reconsider the dismissal or, alternatively, to modify the dismissal to permit plaintiff to file an amended complaint deleting any particular language the court finds inimicable to its exercising its discretion in entertaining the action. Plaintiff supported this motion with copies of correspondence between defendant's president and the president of Trident Industries, plaintiff's principal stockholder, which plaintiff claims show the existence of an actual controversy. Oral argument was heard on April 26, 1965.

The Federal Declaratory Judgments Act (28 U.S.C. § 2201) provides:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

■ An essential question in an action for a declaratory judgment under this statute is whether there exists an "actual controversy". The meaning of the phrase was explained by the Supreme Court in Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239–241, 57 S.Ct. 461, 463–464, 81 L.Ed. 617 (1937);

"The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense. The word 'actual' is one of emphasis rather than of definition * * *

"A 'controversy' in this sense must be one that is appropriate for judicial determination. * * * A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." (Citations omitted.)

■ Even if an action for declaratory judgment satisfies jurisdictional requirements, including that of an "actual controversy", the District Court may, in its discretion, decline such relief. Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The exercise of this discretion is not absolute, but is reviewable for abuse. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 185, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

■■ The function of a declaratory judgment in patent cases is to allow a manufacturer to bring about a judicial determination of his right to use a certain process or produce a certain item when faced with the existence of a patent on a similar item or process, and is damaged or threatened with damage by affirmative acts of the patentee. A typical instance for the use of the Declaratory Judgments Act in patent cases is where the patentee harasses the manufacturer or his customers by circulating infringement charges throughout the trade and by threatening the manufacturer with legal action. There is a complete absence of any such

activities in the instant case. Although the plaintiff and the defendant have disagreed as to the validity of the patent, there is nothing to indicate the likelihood of any affirmative action being taken by defendant. As stated in Thermo Plastics Corp. v. International Pulverizing Corp., 42 F.Supp. 408, 410 (D.N.J.1941):

"Certainly no holder of a patent should be put to the expense of defending a suit by another person or sundry persons under the Declaratory Judgment Act * * * unless that person or persons is or may be damaged by affirmative acts of the patent holder."

■ The context from which this action arises is shown by the correspondence between Gerald Leland, president of defendant corporation, and Milton Miner, president of Trident Industries, a corporation which owns 80% of the stock of plaintiff corporation. (Copies of these letters were verified by the affidavit of plaintiff's attorney and were filed in support of plaintiff's motion for reconsideration of the order dismissing the complaint.) The letter dated November 5, 1964, from Leland to Miner [1] indicates that the claim of infringement arose during negotiations for the sale of the assets of plaintiff corporation to defendant corporation; defendant corporation was not willing to pay the price asked, partly because in its view the rotary solenoid produced by plaintiff infringed on a patent of defendant. It is true that in the same letter Leland, for the defendant, states:

"At this point, it looks as though we should discuss possible license agreements. We would be willing to negotiate a license agreement on some reasonable royalty or a cross-license * * * It would seem to me that this is almost a necessity for you in order to get Solenoid Devices into a marketable position if you do, indeed, plan to spin it off."

This statement might be interpreted as an implicit threat of affirmative action by defendant, but in the light of the absence of more typical facts indicating the existence of a controversy—such as notice of infringement to plaintiff's customers or to the trade in general—this court is of the opinion that plaintiff has shown only a casual business disagreement between the parties, arising during the course of negotiations between the parties for the purchase by defendant of the assets of the plaintiff. This is not a "definite and concrete" controversy "touching the legal relations of parties having adverse legal interests" such as referred to by the Supreme Court in Aetna, supra.

■ Assuming that the dispute between the parties which gave rise to the "sizable gap between (defendants) evaluation of Solenoid Devices Inc. and (plaintiff's)" (see letter of Nov. 5, 1964) could be denominated a "controversy", the court exercises its discretion to deny declaratory relief on the ground that plaintiff here has not been placed in such a position of insecurity as to bring it within the purpose of the relief afforded by the Declaratory Judgments Act.

It is ordered that the plaintiff's motion to reconsider the order of dismissal of April 9, 1965, is denied.

---

1. That the letter of Nov. 5, 1964, constitutes the sole basis for plaintiff's allegation in its complaint that defendant has claimed infringement is indicated by plaintiff's failure to produce any other such evidence in support of his motion requesting the court to reconsider its order dismissing the action. Plaintiff has, alternatively, moved to amend the complaint to state an actual controversy, but it asks leave only to delete any language the court finds inimicable to the entertainment of the action; from the reasoning below it can be seen that plaintiff could not cure the defects of this action by deleting language from the complaint.