**DYFORM CONCRETE (PRE-STRESSED) LTD.,**
Plaintiff,

v.

**SPIROLL CORPORATION LTD.,**
Defendant.

No. 4–73-Civ. 102.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 2, 1973.

James B. Loken, Faegre & Benson, Minneapolis, Minn., for plaintiff.

Douglas L. Carlsen, Carlsen, Carlsen & Sturm, Minneapolis, Minn., for defendant.

## MEMORANDUM

LARSON, Chief Judge.

In this action plaintiff seeks a declaratory judgment that plaintiff and its customers are not guilty of infringement of patents held by defendant. The patents in question cover concrete extrusion machines manufactured by defendant.

Before the Court is a motion of defendant to dismiss this action on the ground of lack of jurisdiction and insufficient service of process.

The first issue presented by the instant motion is whether, on the facts before the Court, there exists a case of actual controversy between the parties sufficient to bestow jurisdiction upon the Court under the Declaratory Judgment Act, 28 U.S.C.A. § 2201.

In the context of declaratory judgments where the issue turns on the possibility of patent infringement, courts are compelled to engage in careful analysis of the facts upon which the allegation of "actual controversy" is based. American Needle and Novelty Co. v. Schuessler Knitting Mills, Inc., 258 F.Supp. 98 (N.D.Ill.1966), aff'd in part, rev'd in part, 379 F.2d 376 (7th Cir. 1967); Solenoid Devices, Inc. v. Ledex, Inc., 241 F.Supp. 337 (S.D.Cal. 1965), aff'd, 375 F.2d 444 (9th Cir. 1967); Owatonna Manufacturing Co., Inc. v. Melroe Co., 301 F.Supp. 1296 (D.Minn.1969). Because the basis for this factual determination is the incomplete kind of record derived from potentially self-serving affidavits, courts must in some measure rely on a practical evaluation of the circumstances of the parties.

In its analysis of the instant case there appear to the Court to be three factors present in the record which suggest that an actual controversy exists between the parties here. First, plaintiff has alleged, and defendant does not dispute, that plaintiff and defendant are engaged in actual competition in the marketing of those products which plaintiff suggests might give rise to a justiciable issue of patent infringement. It is apparent that where the parties to a declaratory judgment action are engaged in actual competition the threat of a possible infringement action is, as a practical matter, amplified. Second, in the record before the Court there are two affidavits of customers of plaintiff which state that those customers were contacted by a representative of defendant and apprised of the fact that a patent dispute between defendant and plaintiff existed. It appears from these affidavits that the precise nature of any infringement action was not made known to plaintiff's customers by defendant's representative, but the fact of

possible infringement was, it appears, clearly stated. [Affidavit of Klaus Rosenstern, General Manager, Concrete Products Division, Material Service Corporation, Lyons, Illinois, and affidavit of Charles H. Bennett, President, Hurlbut Prestressed Corporation, Green Bay, Wisconsin.] Third, there is currently pending in the Federal Court of Canada an action by defendant against plaintiff wherein is alleged infringement by plaintiff of defendant's Canadian patents. There is dispute as to whether the patents in issue in the Canadian lawsuit are comparable to the United States patents which would be considered were this action to progress to final resolution here. It is defendant's contention that its Canadian patents, while bearing substantial similarity to its United States patents, are broader in scope, thus making possible infringement by plaintiff in Canada and not in the United States. Of defendant's own admission, a number of the claims in the Canadian suit are identical to those in the United States patent.

■ From these three facts the Court believes it fair to conclude that there exists a general pattern suggesting actual contention between the parties. While the record is not complete, it is the view of the Court that there are present in this case genuine issues which merit resolution in this forum, pursuant to the Declaratory Judgment Act. The adverse legal interests of the parties are of such immediacy and reality as to warrant a declaratory judgment.

There is also before the Court a motion of defendant to dismiss this action on the ground that the Court may not properly assert jurisdiction over defendant by way of the Minnesota Long Arm Statute, Minn.Stat. § 543.19. The portions of that statute relevant to the issue here read as follows:

"Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

\* \* \* \* \* \*

(b) Transacts any business within the state . . . . ."

"Subdivision 3. Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over him is based upon this section . . . . ."

The facts of jurisdictional significance present in this case include the following: Defendant has sold concrete extruders to two Minnesota companies, both of which are current licensees of defendant, defendant has solicited business in Minnesota, defendant's Minnesota licensees are under continuing contractual obligations to defendant, defendant sells spare and replacement parts to its Minnesota licensees, defendant's representatives regularly visit its Minnesota licensees, prospective licensees of defendant visit the Minnesota licensees, defendant regularly sends correspondence and technical bulletins to its Minnesota licensees, defendant's Minnesota licensees are obligated to purchase all spare and replacement parts from defendant. Further, there appear to be regular continuing contacts maintained between defendant and the Minnesota licensees for the purpose of sustaining an on-going business relationship.

■ In the view of the Court it is obvious that these contacts satisfy the constitutional due process standard for the assertion of personal jurisdiction. International Shoe v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is manifest that defendant has availed itself of the benefits of doing business in Minnesota and by reason of such conduct is subject to the jurisdiction of the courts of Minnesota.

■ The Court also concludes that the requirement of the Minnesota Stat-

ute that the cause of action arises from the contacts of defendant with this State is here satisfied. Machinery which defendant has sold, is marketing, and services in Minnesota is covered by the patents upon which a declaratory judgment is here sought. The machinery located in Minnesota not only bears the patent numbers relevant here, but those numbers are also mentioned in the license agreements existing between defendant and its Minnesota licensees.

See also, D.C., 355 F.Supp. 1082.

In sum, the Court concludes that it may properly assert jurisdiction under the Declaratory Judgment Act, that there are present in this case sufficient contacts of defendant with the State of Minnesota for the assertion of jurisdiction within the constitutional standard of due process, and that because Minn. Stat. § 543.19 is here satisfied the service of process in the instant case comports with the requirements of F.R.Civ. P. Rule 4(d)(7).