**FURMANITE AMERICA, INC. and Furmanite International, Ltd., Plaintiffs,**

v.

**DURANGO ASSOCIATES, INC. and DND Corporation, Defendants.**

Civ. A. No. 86–254–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 12, 1986.

Donald H. Clark, Clark and Stant, Virginia Beach, Va., for Furmanite America, Inc.

James A. Oliff, Lawrence J. Gotts and David D. Bahler, Parkhurst and Oliff, Alexandria, Va., for Furmanite Intern., Ltd.

Donald T. Jenkins, Williams, Worrell, Kelly & Greer, Norfolk, Va., Guy E. Matthews, Houston, Tex., for Durango Associates, Inc. and DND Corp.

## MEMORANDUM ORDER

MacKENZIE, District Judge.

Plaintiffs seek declaratory judgment that patents held by the defendants are invalid, unenforceable, and not infringed. The matter is now before the Court on the following motions: defendants' motion to dismiss or to transfer the action, defendants' motion for a protective order, and plaintiffs' cross-motion for an order compelling discovery.

---

Defendants moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(2), (3), and (5) or, in the alternative, to transfer venue to the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1404(a).

With regard to defendants' motion to dismiss, the Court first finds that it has personal jurisdiction over the parties under the Virginia long-arm statute, Va.Code § 8.01–328.1 (1986); therefore, the action should not be dismissed pursuant to Fed.R. Civ.P. 12(b)(2) for lack of personal jurisdiction.

Analysis of the Virginia long-arm statute involves two steps. The court must first determine whether the language of the statute permits service of process on the defendant. If it does, the court must then determine whether exercise of personal jurisdiction over the defendant offends the due process clause of the fourteenth amendment of the United States Constitution. *Peanut Corp. of America v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir.1982). The Virginia Supreme Court has construed the long-arm statute to extend *in personam* jurisdiction to the limits of due process. *See John G. Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971).

The pertinent language of the Virginia long-arm statute is as follows:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth....

Va.Code § 8.01–328.1 (1986). Under the statute, personal jurisdiction is proper if the cause of action "arises from" business transacted in Virginia; *i.e.*, if the activities that support the jurisdictional claim coincide with those that form the basis of the plaintiff's substantive claim. *City of Virginia Beach v. Roanoke River Basin*, 776 F.2d 484, 487 (4th Cir.1985). However, even a "single act by a nonresident which amounts to 'transacting business' in Virginia and gives rise to a cause of action may be sufficient to confer jurisdiction upon [Virginia] courts." *Danville Plywood Corp. v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533, 238 S.E.2d 800 (1977).

In the present case, it appears that on at least two fairly recent occasions, defendants sold and shipped to Virginia Beach, Virginia, flange facing machines covered by patents upon which the declaratory judgment respecting infringement is sought. *See* Invoices # 2172 for August 23, 1983, and # 2232 for March 22, 1984, Exhibit C of Defendants' Brief filed July 14, 1986. The Court finds that these business transactions coincide with the basis of the plaintiff's substantive claim, and therefore satisfy the statutory requirement that the cause of action arise from defendants' transacting business within Virginia. *See Dyform Concrete (Prestressed) Ltd. v. Spiroll Corp. Ltd.*, 370 F.Supp. 290 (D.Minn.1973) (finding a similarly-worded long-arm statute to be satisfied where defendant sold machinery covered by the patents in question within the state).

Given that the language of the statute permits jurisdiction over the parties, the Court turns to the question of whether exercising such jurisdiction is consonant with due process.

In keeping with the Virginia Supreme Court's broad reading of the jurisdictional reach of the long-arm statute, *see, e.g., Chromodern,* 211 Va. at 740, 180 S.E.2d at 667, it has been held that jurisdiction properly arises from a single act committed in Virginia by a nonresident "if by that one act the nonresident can be said to have engaged in some purposeful activity in Virginia." *Viers v. Mounts,* 466 F.Supp. 187, 190 (W.D.Va.1979). The requirement of purposeful activity in Virginia serves to meet the constitutional requirement of due process, *United States v. Douglas,* 626 F.Supp. 621 (E.D.Va.1985); *i.e.,* that the defendants have certain "minimum contacts" with the forum state which evince their "[purposeful availment] of the privileges of conducting activities within the forum state...." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The United States Supreme Court explained in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985):

> Thus where the defendant "deliberately" has engaged in significant activities within a State, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well. [Cites omitted.]

The Court finds in this case that defendants engaged in "purposeful activity," *Chromodern,* 211 Va. at 740, 180 S.E.2d at 667, sufficient to "create a 'substantial connection' with the forum State," *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2184; therefore, it is not unreasonable to require them to submit to litigation in this forum. *Id.*

The parties disagree as to the extent defendants may have solicited business in Virginia. *See* Plaintiffs' Briefs filed June 19, July 25, and August 14, 1986; Defendants' Briefs filed June 20, July 14, July 29, and August 7, 1986. The Court finds, however, that plaintiffs' evidence is persuasive regarding defendants' advertising, delivering, and invoicing their products in Virginia. At the very least, it is clear from Durango/DND invoices that the defendants sold and shipped equipment to Virginia on 15 occasions in 1982–84, filling orders totaling more than $58,000.00. *See* Exhibit C of Defendants' Brief filed July 14, 1986.

In addition, defendants' letter of infringement sent to plaintiffs in Virginia—while not alone sufficient to establish minimum contacts, *Medeco Security Locks, Inc. v. Fichet-Bauche,* 568 F.Supp. 405, 408 (W.D.Va.1983)—is one more contact to be considered. *See B & J Manufacturing Co. v. Solar Industries, Inc.,* 483 F.2d 594, 598 (8th Cir.1973), *cert. denied,* 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1974).

Determination of the "reasonableness" of jurisdiction is one in which few answers will be written "in black and white." *Estin v. Estin,* 334 U.S. 541, 545, 68 S.Ct. 1213, 1216, 92 L.Ed. 1561 (1948). Rather, each case must be weighed individually. *Kulko v. California Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978). The Court finds that, in the present case, defendants' contacts with the state are substantial enough that it does not offend due process to require them to litigate in Virginia. Thus, this suit should not be dismissed for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2).

The Court also finds that the action should not be dismissed for insufficiency of process pursuant to Fed.R.Civ.P. 12(b)(5). Since the exercise of personal jurisdiction is authorized under the long-arm statute, defendants are amenable to service of process by the Secretary of the Commonwealth. Va.Code § 8.01–329 (1986).

Finally, the Court finds that the action should not be dismissed for improper venue. Fed.R.Civ.P. 12(b)(3). A corporation may be sued in any district where it is "doing business." 28 U.S.C. § 1391(c). For the reasons discussed above, the defendants' business contacts in Virginia are

deemed extensive enough to constitute "doing business" in the state.

---

■ Defendants alternatively moved to transfer venue to the district court in Houston, pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) reads as follows:

For the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The plaintiffs contend that it is more convenient to produce witnesses and documentary and physical evidence in Norfolk; defendants make much the same contentions with regard to Houston. The Court sees some merit in both parties' positions, but finds that the balance weighs in favor of plaintiffs' contentions. The burden of proof in a motion for change of venue is on the movant. *Kraft v. Hoskins*, 311 F.Supp. 1404, 1405 (E.D.Va.1970). Unless the balance of conveniences is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Therefore, the Court finds in this case that transfer to Houston is not militated by the issues of convenience.

The "interest of justice" also weighs in favor of litigating in Norfolk. Defendants maintain that the Houston court is a better forum to hear this case because it recently heard a similar patent-infringement case to which defendants were a party, and is therefore familiar with defendants' patents. Defendants do not suggest, however, that this case could be consolidated with any pending litigation in Houston. Therefore, any judicial economy to be realized from the Southern District Court's familiarity with defendants' previous suit would be minimal. *See Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 739 (1st Cir.), *cert. denied*, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977). Since these parties are entitled to a *de novo*, impartial consideration, such prior judicial experience may actually be more a nega-

tive than a positive reason for transfer. *Id.* at 739.

Additionally, defendants overlook the interest of the forum state in providing a forum for residents accused of patent infringement. *See, e.g., Nova Biomedical Corp. v. Moller*, 629 F.2d 190, 193 n. 3 (1st Cir.1980). In their letter, defendants apparently threatened plaintiffs with patent-infringement litigation. Such a suit would almost assuredly have to have been brought in Norfolk. 28 U.S.C. § 1400(b). When plaintiffs call for determination of the same claim with which they have been threatened, it is only just to litigate the issue in the same forum. Both convenience factors and the interests of justice, then, dictate allowing the suit to proceed in the Eastern District of Virginia, Norfolk Division.

---

Defendants also objected to plaintiffs' discovery requests and moved for a protective order pursuant to Fed.R.Civ.P. 26(c) and (g). Defendants asked that they have thirty (30) days after the ruling by the Court on defendants' Motion to Dismiss in which to respond to plaintiffs' interrogatories.

Plaintiffs cross-moved pursuant to Fed. R.Civ.P. 37(a) and Local Rule 11–1(E) that defendants be compelled to answer discovery requests within ten (10) days after entry of the Order of the Court.

In pertinent part, Rule 26(c) dealing with protective orders states as follows:

... on matters relating to a deposition, the court ... may make any order *which justice requires* to protect a party or person from ... undue burden or expense, including ... (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place.... [Emphasis added.]

Local Rule 11–1(H) provides that after the Court has ruled on a discovery motion—including a motion to compel pursuant to 11–1(E)—"any answer, production, designation, inspection or examination required by the Court shall be done within 10 days

after the entry of the order of the Court, *unless otherwise ordered by the Court.*" [Emphasis added.] Thus, for both protective orders and motions to compel, it is within the Court's discretion to determine when the parties should respond to discovery requests.

The Court therefore holds that defendants must respond appropriately to plaintiffs' discovery requests within twenty-five (25) days after entry of this Order.

———

In summary, the Court DENIES defendants' motion to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(2), (3), and (5) and, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). The Court GRANTS both defendants' motion for a protective order and plaintiffs' motion for an order to compel discovery, holding that defendants must respond appropriately to all of plaintiffs' discovery requests within twenty-five (25) days of the entry of this Order.

It is so ORDERED.