**KYSOR INDUSTRIAL CORPORATION, Plaintiff-Appellant,**

v.

**PET, INCORPORATED, Defendant-Appellee.**

No. 71–1916.

United States Court of Appeals, Sixth Circuit.

May 5, 1972.

* Honorable William D. Murray, Senior Judge, United States District Court, Butte, Montana, sitting by designation.

Harold S. Sawyer and Roger M. Clark, Grand Rapids, Mich., Warner, Norcross & Judd, Grand Rapids, Mich., on brief, for appellant.

Donald E. Degling, New York City, and Peter Armstrong, Grand Rapids, Mich., Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., on brief; Byron A. Roche, Bridgeton, Mo., Richard G. Heywood, Haverstock & Heywood, St. Louis, Mo., Fish & Neave, New York City, of counsel, for appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and RUBIN *, District Judge.

PER CURIAM.

Kysor appeals from an order denying its motion to remand the case to the State court from which it was removed.

■ Since this order is interlocutory, appeal ordinarily would await final judgment on the merits. However, Kysor's motion for a preliminary injunction also was denied. Because the case is properly before the court for review of the latter action and since the remand question is jurisdictional, the remand issue must be reached. Mayflower Industries v. Thor Corp., 184 F.2d 537, 538 (3rd Cir. 1950), cert. denied, 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951).

We reverse.

The relevant facts are undisputed and may be stated briefly. Dual Jet Refrigeration and Hussman Refrigerator [1] manufactured open display cases for food items which must be maintained at low temperatures. In these units, heating of the food by ambient air is prevented by directing a cold air curtain across the open face of the unit. The principal difference between the display cases of the respective manufacturers was in the manner of cooling the food. The Hussman units utilized a direct

---

* Honorable Carl B. Rubin, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. Dual Jet and Hussman are now a division of Kysor and a subsidiary of Pet, respectively. Both are Delaware corporations. Manifestly there is no diversity of citizenship.

cooling action in which a substantial cold air flow was directed across the displayed product before forming part of the air curtain. In the Dual Jet units, the cold air was passed through ducts in the shelves, indirectly cooling the food by conduction before forming the air curtain.

Both Hussman and Dual Jet owned patents covering various aspects of refrigerated display case technology. A dispute involving these patents was settled in 1965 and a settlement agreement executed. The parties expressly covenanted not to sue one another for patent infringement so long as the cooling action used by the other was unchanged. The agreement further provided as follows:

> "[I]t is understood and agreed that . . . HUSSMAN will not depart from its present engineering and manufacturing know-how in the direction of the DUAL JET unit utilizing essentially only indirect product cooling.

> \* \* \* \* \* \*

> "[I]t is understood and agreed that . . . DUAL JET will not depart from its present engineering and manufacturing know-how in the direction of the HUSSMAN unit utilizing direct and controlled product cooling."

Pet began manufacturing and selling display cases utilizing indirect cooling action in 1971. Kysor brought an action in the Circuit Court for Wexford County, Michigan, seeking injunctive and monetary relief. The complaint alleged that Pet's activities constituted a breach of the above-quoted provisions of the agreement. Pet removed the action to the United States District Court for the Western District of Michigan. Kysor's motions to remand to the Wexford Circuit Court and for a preliminary injunction were denied.

Pet's jurisdictional theory, upon which removal was predicated, is that the agreement, construed as asserted by Kysor in its complaint to bar Pet's manufacture and sale of indirect cooling units, was void and unenforceable under federal antitrust law in the absence of valid and infringed patents. Pet therefore contends that the action turns on questions of patent validity and infringement and thus is exclusively within federal jurisdiction under 28 U.S.C. § 1338(a).

■■■ We cannot accept this theory. It is well established that every case involving patent issues is not a "civil action arising under any Act of Congress relating to patents," as set forth in § 1338(a): Actions to enforce patent license agreements are not within exclusive federal jurisdiction notwithstanding the availability of the invalidity defense. *See* Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969). Kysor is free to file and maintain a contract action in State court which may be subject to federal patent-anti-trust law defenses. These issues are for the State court to resolve. Kysor elected to assert only contract rights in State court. Pet may not, by asserting that Kysor's only *valid* cause of action is by way of suit for patent infringement, convert this action into one arising under the patent laws of the United States.

Accordingly the order denying the preliminary injunction is vacated and the cause remanded to the District Court with directions to enter an order, pursuant to 28 U.S.C. § 1447(c), remanding the action to the Wexford Circuit Court.