**Anthony O. MIRARCHI**

v.

**Samuel J. PORTER et al.**

**Civ. A. No. 72-3193.**

United States District Court,
D. Massachusetts.

Feb. 7, 1973.

---

6. See note 3 *supra*.

Rose Z. Smith, Scituate, Mass., for plaintiff.

Stephen A. Hopkins, Sherburne, Powers & Needham, Boston, Mass., for defendant Wolfert.

H. Erik Lund, Mitchell J. Sikora, Jr., Burns & Levinson, Boston, Mass., for defendant Patrick.

Edward J. Lydon, Lydon & Paro, Kingston, Mass., for defendant Wilson.

## OPINION

TAURO, District Judge.

This is an action brought by Anthony O. Mirarchi of Massachusetts against six defendants who allegedly obtained a patent by wrongfully appropriating from the plaintiff certain notes, formulae, and memoranda. The defendants are Samuel J. Porter and Gerald D. O'Brien, both of Virginia; Hubert H. Wolfert, Rowland V. Patrick and Alva T. Wilson, all of Massachusetts; and Thomas Wrigley of Hawaii.

■■ The plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332, and also seeks to invoke 28 U.S.C. § 1338(a) which confers jurisdiction upon actions "arising under" the patent laws.[1]

Defendants Patrick and Wolfert have moved under Fed.R.Civ.P. 12(b) to dismiss the complaint alleging 1) a lack of subject matter jurisdiction and 2) a failure to state a claim upon which relief can be granted.

The following facts are alleged in the complaint. From 1951 to 1955 plaintiff was employed in a research capacity by National Fireworks Ordnance Corporation of West Hanover, Massachusetts, a corporation conducting research under contract with the United States Navy. Defendants Porter, Wolfert and Wilson were also employed by National Fireworks. Defendant Patrick was a member of a law firm representing the corporation and defendant O'Brien was Patent Counsel for the U. S. Navy Bureau of Ordnance.

The complaint further alleges that during his tenure of employment plaintiff made certain valuable discoveries and that the defendants falsely represented to him that patents for these discoveries would be obtained in his name, thus inducing plaintiff to reduce his findings to writing in preparation of patent applications. These actions allegedly resulted in United States Patent No. 2,992,086 being issued to the United States Government as Assignee naming defendant Porter as inventor.

1. Plaintiff has also alleged 28 U.S.C. § 2501–34 as a jurisdictional base. No such statute exists. 28 U.S.C. § 2501 prescribes the time within which a claim against the United States must be brought in the Court of Claims. Annotation 34 to 28 U.S.C.A. § 2501 deals with claims of fraud against the United States. This statute is clearly not relevant to this action.

Plaintiff requests that he be declared the true inventor; that continued infringement of the patent be enjoined; and that defendants be held accountable for damages sustained because of their fraud.

The threshold issue presented by defendants' motion is whether this court has subject matter jurisdiction to entertain plaintiff's action under either of the asserted theories.

In order for diversity of citizenship jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity, that is none of the defendants may be a citizen of the same state as the plaintiff. Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); Charles Dowd Box Co. v. Fireman's Fund Insurance Co., 303 F.2d 57, 59 (1st Cir. 1962). Defendants Wolfert, Patrick and Wilson are all of Massachusetts as is the plaintiff. Diversity being incomplete, no jurisdiction is conferred by 28 U.S.C. § 1332.

■■ The district courts have original jurisdiction of any civil action arising under any Act of Congress relating to patents. 28 U.S.C. § 1338(a). However, not every case in which a patent is a subject of controversy is one "arising under" the patent laws. When a claim is based upon rules and principles of equity, and not upon the construction of an Act of Congress concerning patent rights, the case is not one "arising under" the patent laws. Wilson v. Sandford, 51 U.S. 99, 101–102, 10 How. 99, 13 L.Ed. 344 (1850).

In this case, the gravamen of plaintiff's complaint is clearly fraud, a theory of action which has as its basis the equitable proscription against unjust enrichment. As such, this action does not arise under the patent laws within the meaning of 28 U.S.C. § 1338(a). And this is so even though the plaintiff seeks an invalidation of the patent in the defendant Porter's name. Eckert v. Braun, 155 F.2d 517, 518 (7th Cir. 1946); Howard v. Archer, 115 F.2d 342 (9th Cir. 1940); Sachs v. Cluett, Peabody & Co., 91 F.Supp. 37, 38 (S.D.N.Y.1950); See

also Cummings v. Moore, 202 F.2d 145, 147 (10th Cir. 1953).

Defendants' motion to dismiss under Fed.R.Civ.P. 12(b) for lack of jurisdiction over the subject matter is allowed. The complaint is dismissed.