ELECTRO MEDICAL SYSTEMS,
INC., Plaintiff,

v.

MEDICAL PLASTICS, INC., and Lee R.
Bolduc, an Individual,
Defendants.

No. 4–74 Civ. 617.

United States District Court,
D. Minnesota.

May 7, 1975.

# 618

———◆———

Eugene L. Johnson, Dorsey, Marquart, Windhorst, West & Halladay, Minneapolis, Minn., for plaintiff.

Alan G. Carlson, Merchant, Gould, Smith & Edell, Minneapolis, Minn., for defendant Medical Plastics, Inc.

Kenneth D. Siegfried, Schroeder, Siegfried, Ryan & Vidas, Minneapolis, Minn., for defendant Lee R. Bolduc.

## MEMORANDUM

ALSOP, District Judge.

Plaintiff Electro Medical Systems, Inc., (EMS) is a Colorado corporation that manufactures and sells a Solid-State Electrosurgery System and various accessories for that system. Defendant Medical Plastics, Inc., (MPI) is a Minnesota ·corporation that manufactures disposable ground plates that can be used with plaintiff's Electrosurgery System. Defendant Lee R. Bolduc, a resident of Minnesota, is the inventor and patentee of the ground plate patents in issue in this case. The complaint alleges that the patents have been assigned to MPI but that defendant Bolduc has retained substantial rights therein and that both are proper parties to this action.

The plaintiff initiated this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 asking the court for a declaration that United States Patents Nos. 3,543,760; 3,699,968; and 3,720,209 are invalid and unenforceable and that plaintiff has not infringed said patents. The complaint alleges jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. § 1338, and 28 U.S.C. § 2201 and alleges that venue is proper under 28 U.S.C. § 1391.

The case is before the court on motions of the defendants to dismiss the complaint pursuant to Rule 12(b) of the Fed.R.Civ.P. on two grounds. First, that the complaint does not state a "case of actual controversy" within the meaning of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and second, that the court lacks subject matter jurisdiction.

The motion to dismiss for lack of an "actual controversy" has the practical effect of a Rule 12(b)(6) motion. Since affidavits and other matters outside the pleadings were considered by the court, this motion will be treated as one for summary judgment pursuant to Rule 56. The motion to dismiss for lack of subject matter jurisdiction will be treated as a Rule 12(b)(1) motion.

Whether a justiciable "case of actual controversy" exists within the meaning of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, is an issue often faced by the courts of this district in patent cases. Dyform Concrete (Prestressed) Ltd. v. Spiroll Corp., 370 F. Supp. 290 (D.Minn.1973); Imperial Products Inc. v. Zuro, 176 U.S.P.Q. 172 (D.Minn.1971); Medtronic, Inc. v. American Optical Corp., 327 F.Supp. 1327 (D.Minn.1971); Owatonna Mfg. Co., Inc. v. Melroe Co., 301 F.Supp. 1296 (D.Minn.1969); Wej-It Expansion Products, Inc. v. Langford Tool & Drill Co., 164 U.S.P.Q. 95 (D.Minn.1969).

In *Medtronic, supra,* Judge Larson framed the issue as follows:

> The fundamental question in this case, as in every declaratory judgment action, is whether a justiciable controversy exists—that is, whether the facts reveal the existence of an actual controversy between parties having opposing legal interests of such immediacy that a declaration of rights is warranted. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). 327 F.Supp. at 1330.

The requirement of a "case of actual controversy" is merely a restatement of the constitutional limits on the exercise of federal judicial power to "cases" and "controversies". Sherwood Medical In-

dustries, Inc. v. Deknatel, Inc., 512 F.2d at 724 (8th Cir. No. 74–1693 March 5, 1975); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–40, 57 S.Ct. 461, 81 L.Ed. 617 (1937); Owatonna Mfg. Co., Inc. v. Melroe Co., *supra,* 301 F.Supp. at 1298, n. 3.

In a recent opinion, Sherwood Medical Industries, Inc. v. Deknatel, Inc., *supra,* the Eighth Circuit Court ruled that a "case of actual controversy" existed prior to the marketing of the product by the plaintiff. The court summarized the "actual controversy" requirement of declaratory judgment patent actions as follows:

In summary, an "actual controversy" exists if there has been a charge of infringement. However, such a charge need not be express and can be found in any conduct or course of action on the part of the patentee which would lead a reasonable man to fear that he or his customers face an infringement suit or the threat of one if he continues or commences the activity in question. 512 F.2d at 727.

The court went on to say that in applying the above standard courts must make pragmatic judgments and must be "aware of the business realities that are involved." 512 F.2d at 728.

[I]n determining whether a charge could be reasonably inferred the court must look at the *entire course of action* and *all* of the defendant's relevant conduct. [Emphasis in original] 512 F.2d at 728.

This court, upon review of the entire record, including the well reasoned briefs of the parties, concludes that a "case of actual controversy" does exist on the facts presented.

The court acknowledges that the complaint may lack specificity as to the use of a process, or the manufacture or sale of a product described by the patents in question. However, Exhibits A and B attached to the complaint, along with the affidavit of W. Rex Sittner, provide the specificity that may otherwise be lacking.

According to the affidavit of EMS President, W. Rex Sittner, EMS issued a purchase order on April 30, 1974, relating to the manufacture by John T. Raisin Company of disposable ground plates for sale to plaintiff. The shipment of 24,400 disposable ground plates was received by EMS on June 10, 1974, on invoice dated June 5, 1974, at an invoice list cost of $1,808.00. Subsequent thereto, on December 6, 1974, EMS distributed a quantity of disposable ground plates to Presbyterian Hospital in Denver, Colorado.

The court is of the opinion that EMS, by ordering and causing the manufacture of disposable ground plates, was arguably placing itself in a position to be sued by MPI as an infringer. Crowell v. Baker Oil Tools, Inc., 143 F.2d 1003 (9th Cir. 1944). Furthermore the letter of June 10, 1974, written by trademark counsel for MPI acknowledging MPI's awareness that EMS had completed artwork and placed an order for disposable ground plates from John T. Raisin Company indicates that MPI felt the same. The letter states that "both the manufacture by John T. Raisin and the sale by EMS would constitute an infringement of MPI's patent rights," if the plates were of the type sold by MPI. Although the letter explains that MPI does not know "the exact structure of these ground plates," it appears to the court that this letter would cause "reasonable apprehension" on the part of EMS and would certainly be viewed as more than notice that a license was not available.

As to the gift or sale of disposable ground plates by EMS to Presbyterian Hospital, the court feels that this activity, even though it took place subsequent to the filing of the complaint, shows that EMS was further along than the development stage (Wej-It Expansion Products, Inc. v. Langford Tool and Drill Co., *supra*) and was in a position to begin marketing the possible offending product (Sherwood Medical Industries, Inc. v. Deknatel, Inc., *supra*).

EMS points to specific activities on the part of MPI causing "reasonable apprehension" that it faced a possible infringement suit. First, EMS was aware that MPI had initiated lawsuits against Olsen Surgical Service in 1971 and against Valleylab, Inc. in 1972, claiming infringement of certain patents dealing with disposable ground plates. Second, EMS was aware of a letter dated September 10, 1974, sent to MPI's trademark counsel by attorney Bruce G. Klaas explaining that the law firm of Edwards, Spangler, Wymore & Klaas would agree to a request by MPI not to represent EMS in any controversy involving disposable ground plates. Third, EMS president W. Rex Sittner received a letter from MPI's trademark counsel on June 10, 1974, indicating MPI's readiness to bring suit "at the earliest moment to protect its patent rights." Fourth, EMS president W. Rex Sittner received another letter from the same attorney on August 5, 1974, that reads in part as follows:

> Your letters further evidence a willful and malicious intent to infringe MPI's patent rights. As I said in my letter of June 10, 1974, a license agreement is not available, and MPI will act immediately to protect its patent rights and in doing so will seek attorneys' fees.

■ The court is persuaded that the sum total of MPI's activities amount to a charge of infringement that would cause "reasonable apprehension" in EMS that it would be subject to an infringement suit if it continued its present course of conduct. This apprehension establishes a "case of actual controversy" and makes this action ripe for suit under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Sherwood Medical Industries, Inc. v. Deknatel Inc., *supra,* 512 F.2d at 727.

Therefore, the motion for summary judgment is denied.

The defendants also urge that the action be dismissed for lack of subject matter jurisdiction. While the court would tend to agree with the contention that jurisdiction is not present under 28 U.S.C. § 1332 due to lack of an allegation in the complaint that the sum or value in controversy exceeds $10,000, the court is persuaded that jurisdiction is proper under 28 U.S.C. § 1338(a).

■ It should be initially noted that the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer upon the Federal Courts an independent source of subject matter jurisdiction, but rather provides a procedural remedy that can be implemented when jurisdiction is otherwise present. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); W. R. Grace and Co. v. Union Carbide Corp., 319 F.Supp. 307 (S.D.N.Y.1970); Medtronic, Inc. v. American Optical Corp., *supra.* For the purpose of this action, 28 U.S.C. § 1338(a) provides a basis for jurisdiction in the following language:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks.

. . .

The defendants argue that the language "arising under any Act of Congress relating to patents" requires, as a requisite to jurisdiction under 28 U.S.C. § 1338(a), a showing by the plaintiff that there has been a 35 U.S.C. § 271 making, sale, or use. It is their contention that if defendant does not have a cause of action for infringement pursuant to 35 U.S.C. § 271, then plaintiff is likewise without a cause of action and cannot invoke 28 U.S.C. § 1338(a) for jurisdictional purposes. In support of this contention, defendants cite cases in which federal courts have refused jurisdiction, holding that the claims did not arise "under any Act of Congress relating to patents." Kysor Industrial Corp. v. Pet, Inc., 459 F.2d 1010 (6th Cir. 1972); Mirarchi v. Porter, 355 F.Supp. 330 (D.Mass.1973). These cases, however, held only that a state court action

for breach of contract did not become a case "arising under any Act of Congress" merely because defendant may raise defenses based on "federal patent-anti-trust law" (Kysor Industrial Corp. v. Pet, Inc., *supra*, 459 F.2d at 1012) and that a claim "based upon rules and principles of equity, and not upon the construction of an Act of Congress concerning patent rights . . . is not one 'arising under' the patent laws." (Mirarchi v. Porter, *supra*, 355 F.Supp. at 332).

■ While the question of whether there has been a making, use, or sale within the meaning of 35 U.S.C. § 271 may have relevance to whether a "case of actual controversy" exists, Blessings Corp. v. Altman, 373 F.Supp. 802, 805 (S.D.N.Y.1974), such a finding is not a jurisdictional requisite of a declaratory judgment suit based on patent invalidity and noninfringement. General Tire & Rubber Co. v. Watkins, 326 F.2d 926 (4th Cir. 1964); Blessings Corp. v. Altman, *supra*; Dal-Bac, (Pty.) Ltd. v. Firma Astorwerk Otto Berning & Co., 244 F.Supp. 513 (S.D.N.Y.1965); JFD Electronics Corp. v. Channel Master Corp., 229 F.Supp. 514 (S.D.N.Y.1964). The fallacy of defendants' argument is that plaintiff relies on 28 U.S.C. § 2201 for its cause of action and not 35 U.S.C. § 271.

In the present case, defendants' charge of infringement, found to exist in viewing the sum total of its activities, is one made by a patentee threatening to enforce its patent rights pursuant to federal patent law. In response, plaintiff initiated this suit under the Federal Declaratory Judgment Act alleging patent invalidity and noninfringement based on "Act[s] of Congress relating to patents" (complaint, paragraphs 8, 12, 16). In order to prove its case, plaintiff must necessarily rely on federal statutory patent law.

The court is satisfied that jurisdiction is proper pursuant to 28 U.S.C. § 1338(a) on the plaintiff's claim for declaratory judgment pursuant to 28 U.S.C. § 2201. The Rule 12(b)(1) motion to dismiss for lack of jurisdiction is denied.