No. 74–1037.   ALLIGATOR Co., INC. *v.* LA CHEMISE LA-COSTE ET AL.   C. A. 3d Cir.   Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BLACK-MUN and MR. JUSTICE POWELL join, dissenting.

Respondent La Chemise Lacoste (LCL) initiated this trademark litigation by filing a complaint seeking declaratory and injunctive relief in the Delaware state courts.   Petitioner removed it to the District Court under 28 U. S. C. § 1441 (a).   The District Court denied respondent's motion for a remand under 28 U. S. C. § 1447 (c).   See 313 F. Supp. 915 (Del. 1970).   The District Court also denied respondent's motion for a certificate allowing an interlocutory appeal of the removal question under 28 U. S. C. § 1292 (b).   When the trial court denied its motion for a preliminary injunction, respondent appealed but did not raise the removal issue; and in affirming the denial of the preliminary injunction, the Court of Appeals did not discuss the question.   487 F. 2d 312 (CA3 1973).

The District Court then conducted a six-day trial on the merits and concluded that petitioner was entitled to injunctive relief.   374 F. Supp. 52 (1974).   Respondent then appealed from the final judgment.   This time it also raised the removal question.   The Court of Appeals ruled that this appeal represented the first opportunity that LCL had to have the District Court's decision denying remand reviewed.   There thus had been no waiver of the removal question, and this Court's decision in *Grubbs* v. *General Electric Credit Corp.*, 405 U. S. 699 (1972), had no application.   The Court of Appeals then reversed

the District Court on the removal question and ordered a remand to the state court. 506 F. 2d 339 (1974).

In holding that the refusal to remand a removal case could not be raised on an appeal from a denial of a preliminary injunction, the decision of the Court of Appeals departs from its prior holding in *Mayflower Industries* v. *Thor Corp.*, 184 F. 2d 537, 538 (1950), cert. denied, 341 U. S. 903 (1951), and conflicts with the decisions of other Courts of Appeals in *Beech-Nut, Inc.* v. *Warner-Lambert Co.*, 480 F. 2d 801 (CA2 1973), and *Kysor Industrial Corp.* v. *Pet, Inc.*, 459 F. 2d 1010, 1011 (CA6), cert. denied, 409 U. S. 980 (1972). Furthermore, it would appear that jurisdictional questions should be reviewed at the first available opportunity, and I perceive no good reason for not permitting the removal issue to be raised in connection with an appeal from the denial of a preliminary injunction.* Had that course been followed here, six days of trial and a decision on the merits would not have been wasted. Also, if it were to be held that the appeal on the injunction issue is a suitable occasion for considering the remand question, then *Grubbs, supra,* should be extended so as to *require* that the question be raised on such an appeal. Other-

---

*The authorities relied upon by the Court of Appeals—*Chicago, R. I. & P. R. Co.* v. *Stude,* 346 U. S. 574, 578 (1954); *Wilkins* v. *American Export-Isbrandtsen Lines, Inc.,* 401 F. 2d 151 (CA2 (1968); C. Wright, Law of Federal Courts § 41, p. 147 (2d ed. 1970)—support the principle that the denial of a motion for remand alone is not a basis for appeal, but they do not support the lower court's decision that the removal question cannot be raised upon appeal from the denial of an interlocutory injunction. Petitioner's position on that issue is supported by *Deckert* v. *Independence Shares Corp.,* 311 U. S. 282, 287 (1940), which held that the District Court's denial of motions to dismiss could be reviewed by the Court of Appeals upon an appeal from the granting of an interlocutory injunction.

wise, wasteful litigation is invited, and the losing party on the merits is given another bite at the apple.

I would grant certiorari in this case to resolve the conflict among the Circuits.