**CREDIT DATA OF ARIZONA, INC., Plaintiff-Appellant,**

v.

**STATE OF ARIZONA, Defendant-Appellee.**

No. 77–1164.

United States Court of Appeals, Ninth Circuit.

March 22, 1979.

---

John W. Wall, Ryley, Carlock & Ralston, Phoenix, Ariz., for plaintiff-appellant.

Toni S. McClory, Asst. Atty. Gen., Phoenix, Ariz., for defendant-appellee.

Before DUNIWAY and KENNEDY, Circuit Judges, and BONSAL, District Judge.*

BONSAL, District Judge.

This action was instituted on August 3, 1976 by plaintiff-appellant, Credit Data of Arizona, Inc. (Credit Data) an Arizona corporation engaged in the. credit reporting business, against defendant-appellee, the State of Arizona, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 to declare the rights of parties under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the Federal Act) and Arizona's consumer credit reporting law, A.R.S. § 44–1693(D) (the Arizona Act). Both the Federal Act and the Arizona Act were enacted in 1970.

Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1337. The issue is whether the Arizona Act is preempted by the Federal Act in the single respect discussed below. Both sides moved for summary judgment in the district court which denied plaintiff

---

* Hon. Dudley B. Bonsal, Senior U. S. District Judge for the Southern District of New York, sitting by designation.

Credit Data's motion and granted defendant State of Arizona's cross-motion entering judgment dismissing the complaint. This appeal followed.

Credit Data is engaged in interstate commerce and therefore is subject to the Federal Act. The sole issue is whether the provision of the Federal Act that credit reporting firms *may* impose a reasonable charge on persons seeking disclosure more than 30 days after a denial of credit preempts the Arizona Act which expressly prohibits credit reporting firms from charging a fee for such disclosures.

■ Credit Data contends that the Federal Act in permitting charges to be made under certain circumstances preempts the Arizona Act which prohibits such charges and that since the two statutes are inconsistent, the Federal Act governs.

Section 1681j of the Federal Act provides that if more than thirty days have elapsed since receipt by the consumer of notification that his credit rating may be or has been adversely affected a consumer reporting agency "may impose a reasonable charge on the consumer for making disclosure to such consumer pursuant to § 1681g . . . ., the charge for which shall be indicated to the consumer prior to making disclosure."

The Arizona Act prohibits consumer reporting agencies from charging "any fee as a prerequisite to making any of the information available to the consumer . . .", Arizona Revised Statutes § 44–1693(D).

Section 1681t of the Federal Act provides that the Act "does not annul, alter, affect, or. exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information· on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter and then only to the extent of the inconsistency." Thus § 1681t refutes appellant's argument that in enacting the Fair Credit Reporting Act Congress intended to preempt the field.

This narrows down the issue to whether the provision in the Arizona Act which prohibits charges under any circumstances is inconsistent with the provision of the Federal Act that charges *may* be imposed if 30 days has elapsed. In contending that the statutes are inconsistent plaintiff-appellant relies on *Retail Credit Co. v. Dade County, Florida*, 393 F.Supp. 577 (S.D.Fla.1975) where the district court found that the provision of a Dade County Ordinance which required consumer reporting agencies to disclose their sources of credit information was inconsistent with § 1681g(a)(2) of the Federal Act, which provides that ". . . sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purposes need not be disclosed: . . . ." The district court in *Dade* reasoned that the federal act provided the exception for investigative sources so as not to dry up sources of credit information and that the Miami ordinance requiring such disclosure was inconsistent with that policy.

In urging that there is no inconsistency between the Federal Act and the Arizona Act the State of Arizona relies on *Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). Mr. Justice Marshall, in discussing preemption, wrote "[t]he legislative history, however, suggests that the statute [the Federal Fair Packaging and Labeling Act, 15 U.S.C. § 1461] expressly preempts as requiring 'different information' only state laws . . . which impose requirements inconsistent with those imposed by federal law. (footnote omitted). Since it would be possible to comply with the state law without triggering federal enforcement action we conclude that the state requirement is not inconsistent with federal law." 430 U.S. at 540, 97 S.Ct. at 1317. Mr. Justice Marshall continues that it must also be determined whether the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of the Congress." (citation omitted). 430 U.S. at 540–41, 97 S.Ct. at 1317.

Following full argument below on the motions for summary judgment, District Judge Craig said:

"It seems to me that the purpose of the [Federal] Act was not primarily for the purpose of giving a mere permissive authority of credit companies to make a reasonable charge, but rather the fundamental purpose was the protection of the consumer. And State law simply gives the consumer a little more protection than the Federal law in this instance. And I don't see any inconsistencies.

"Therefore, the Plaintiff's motion for summary judgment will be denied. The Defendant's motion for summary judgment will be granted."

Plaintiff-appellant is a non-profit membership corporation and its expenses are borne by its members. During the 12 months prior to instituting this action on August 3, 1976 Credit Data conducted more than 15,000 separate interviews with consumers disclosing to the consumers the contents of their individual files. The cost of conducting these interviews and providing such disclosures is said to have been approximately $117,000. Credit Data estimates that approximately 37 percent of these interviews involved situations in which the Federal Act would permit imposition of a reasonable fee. Assuming the correctness of this information and the reasonableness of the charge this would indicate an approximate charge of $43,290. During the period from April 26, 1976 to July 20, 1976 Credit Data imposed a fee of $4.00 for each consumer interviewed where such a fee "may be charged by the Federal Act," charging $3,300 for some 835 interviews. The charges were suspended on July 20, 1976 after the Arizona Attorney General threatened legal action for violation of the Arizona Act prohibiting such charges.

We agree with the district court. The philosophy behind both statutes is the protection of the consumer and it is clear that the Federal Act permits Arizona to go further than the Federal Act does to protect consumers so long as the Arizona Act is not inconsistent with the Federal Act. Moreover, the Federal Act does not require the imposition of charges, but merely provides that credit reporting agencies may impose a reasonable charge under the circumstances specified. This does not establish preemption under the standards laid down by Mr. Justice Marshall in *Jones v. Rath Packing Co., supra.* In the first place, compliance with the Arizona Act prohibiting charges would not trigger a federal enforcement action on the ground that the Arizona Act is inconsistent with the Federal Act. Moreover, the Arizona Act does not stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the Federal Act since it merely adds an additional protection to the consumer for whose protection both statutes were enacted.

Accordingly, we affirm the judgment of the district court which denied summary judgment to Credit Data and granted summary judgment to the State of Arizona.