**PLM, INC.**

v.

**CONSOLIDATED RAIL CORPORATION.**

**Civ. A. No. 80–0308.**

United States District Court, E. D. Pennsylvania.

May 6, 1980.

---

Thomas N. O'Neill, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for plaintiff.

Thomas Martin, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

This is an action for declaratory relief. The case was removed here by the defendant, Consolidated Rail Corporation (Conrail), on the ground that the complaint asserts a claim arising under the laws of the United States.[1] The plaintiff, PLM, Inc., now seeks an order remanding the case to the Pennsylvania Court of Common Pleas. In support of its motion for remand PLM urges that its claims depend solely on state law. I will grant the motion.

On removal of an action for state declaratory relief the rule in this circuit is that the district court must look to the plaintiff's claim rather than to the nature of the lawsuit threatened by the defendant to determine subject matter jurisdiction. *La Chemise Lacoste v. Alligator Co., Inc.,* 506 F.2d 339 (3d Cir. 1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975). A claim "arises under" the laws of the United States if it requires construction of a federal statute or if a distinctive federal policy requires application of federal legal principles for its disposition. *Westmoreland Hospital Ass'n. v. Blue Cross of Western Pennsylvania,* 605 F.2d 119, 124 (3d Cir. 1979). The federal question must, however, be an essential element of the plaintiff's cause of action. *Id.* at 122. It cannot be a matter of defense.

The facts of this case are quite simple. The plaintiff alleges that it received "mileage allowances" in the amount of $357,-320.00 from Conrail for the use of PLM's

---

1. The petition also relied upon diversity of citizenship, but Conrail concedes that as a corporate citizen of Pennsylvania it could not remove on diversity grounds. *See* 28 U.S.C. § 1441(b).

railroad cars. According to the complaint, after making payments for several years Conrail asserted that the payments were made in error and demanded their return. PLM then sought a declaratory judgment in the state court establishing its right to retain the money.

This case is made difficult only by the cryptic nature of the claims stated in the complaint. PLM describes its right to retain the payments in ¶ 8 of the complaint:

> PLM has refused to repay said mileage allowances on the alternative grounds that (a) they were properly paid to PLM as the owner of the marks on the cars, and (b) in the event that such mileage allowance payments were not proper or required, they were made by Conrail as a volunteer and pursuant to a mistake of law and are for that reason unrecoverable.

This is the only language in the complaint that resembles a substantive claim for relief. Nowhere is there any reference to the source of PLM's claim of right—state or federal—but ¶ 7 alleges that Conrail relies on "Item 220 of Tariff CR 4750" in asserting that the payments were erroneous. Interstate freight tariffs are issued by the carrier and filed with the Interstate Commerce Commission. *See* 49 U.S.C. § 10762.

■ It is sometimes said that removability must be assessed within the four corners of the complaint. Whatever its validity as a general rule, *see* C. Wright, *Law of Federal Courts* § 40, at 163 (3d ed. 1976), this statement is misleading if thought to require unquestioning acceptance of the state pleading. Although the existence of a federal question may not be determined by reference to the answer or the petition for removal, *Gully v. First National Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), a federal court is not precluded from inquiring behind the pleader's characterization of the claims in the state complaint. The court must determine for itself the actual character of the claims.

> [W]here plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal

question and pitch his claim on the state ground. A suit may, however, be removed, where the real nature of the claim asserted in the complaint is federal, irrespective of whether it is so characterized; or where the plaintiff inadvertently, mistakenly or fraudulently conceals the federal question that would necessarily have appeared if the complaint had been well pleaded.

1A *Moore's Federal Practice* ¶ .160, at 185–87 (2d ed. 1979) (footnotes omitted). In short, the plaintiff may choose its claims in the state court so as to defeat removal, but it may not achieve that result by obfuscation.

■ In this case, the second claim is rather plainly based on state law. PLM concedes that the payments were a mistake, but relies upon the equitable doctrine that payments made voluntarily pursuant to a mistake of law cannot be recovered. Congress has not preempted this field under the Interstate Commerce Act but has expressly preserved the existence of state law remedies against interstate carriers. 49 U.S.C. § 10103. Moreover, my research discloses that mistake of law doctrine does not require interpretation of the law about which the parties were mistaken. *See generally* ALI, *Restatement of the Law of Restitution* §§ 44–55 (1937). The mistake of law claim thus does not in any way arise under federal law.

The first claim—that the payments were properly made—is more troublesome, since it can easily be read to say that the payments were properly made under the tariff. PLM disputes this interpretation and insists that the underpinning of its claim is the state law doctrine of "trade custom." Although the basis of the claim is not readily apparent from the complaint, I have concluded that the trade custom interpretation is the more plausible reading.

The claim, as pleaded, relies solely on the fact that PLM was "the owner of the marks on the cars, . . ." This fact could not possibly advance PLM's cause under the tariff section cited in the complaint. Item 220 of Freight Tariff CR 4750 (issued Feb-

ruary 27, 1979) simply provides that: "*No mileage allowance will be paid* on cars furnished by consignor or consignee to the consignor, consignee *or owner* of such cars." (Emphasis added). Thus, the tariff not only prohibits payment of a mileage allowance to the owner, but it does not authorize payment to anyone.[2]

 Accepting the trade custom interpretation does not end the matter, however, because under *Westmoreland Hospital Ass'n.* a state law claim may sufficiently implicate federal law to create federal question jurisdiction. Whether the trade custom claim would require construction of federal law is not free from doubt. Under Pennsylvania law a custom that conflicts with a statute or rule of law is said to be "void".[3] The use of the term "void" suggests that a custom repugnant to law is invalid ab initio, but the cases do not clearly make proof of the nonexistence of contrary law an element of a trade custom claim. It is also not clear that a tariff issued by a party to the dispute should be treated as the equivalent of a statute or rule of law. Under these circumstances it is appropriate to follow the rule that remand is proper where removal jurisdiction is uncertain. Judge VanArtsdalen's conclusion in *Douglass v. Park City Associates*, 331 F.Supp. 823, 827 (E.D.Pa.1971) is apposite:

> The case law on the subject is not entirely conclusive. In view of the possibility that there could be a later determination that this Court lacks jurisdiction, and even after trial and judgment a remand might be ordered, caution recommends that in an uncertain or close case early remand to the State Court, where jurisdiction unquestionably lies, would be the preferred procedure.

On the basis of the foregoing, the motion to remand will be granted. Under

*La Chemise Lacoste* the plaintiff's claim, not the threatened action, is dispositive. The reference to the federal tariff in the complaint was apparently either an effort to satisfy the requirements for declaratory relief or, perhaps, inadvertent anticipation of a defense. In either case the federal question is collateral and therefore insufficient to vest jurisdiction in this court.

---

**2.** The one other sentence of Item 220 is also prohibitory: "This tariff is not subject to the provisions of Agent D. M. Roger's Tariff 7–F, ICC H–68, supplements thereto or successive issues thereof."

**3.** *Commonwealth v. Schwartz*, 210 Pa.Super. 360, 233 A.2d 904 (1967), *aff'd by an equally*

divided court, 432 Pa. 522, 248 A.2d 506 (1968), *cert. denied*, 398 U.S. 957, 90 S.Ct. 2161, 26 L.Ed.2d 541 (1970); *Allen v. Mack*, 345 Pa. 407, 28 A.2d 783 (1942). *See Wymard v. McCloskey & Co.*, 342 F.2d 495, 499 (3d Cir.), *cert. denied*, 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68 (1965).