John F. **HUGHES**

v.

**FIDELITY BANK and Trans Union Credit Information Co.**

**Civ. No. 89–0474.**

United States District Court, E.D. Pennsylvania.

April 5, 1989.

**640**

Robert J. Scallan, Media, Pa., for plaintiff.

Carol Ballentine, Philadelphia, Pa., for Fidelity Bank.

Mark E. Kogan, Abramson, Cogan, Kogan, Freedman and Thall, P.C., Philadelphia, Pa., for Trans Union Credit Information Co.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff John Hughes filed a complaint in the Court of Common Pleas of Delaware County, Pennsylvania, alleging that defendants had provided erroneous credit information about him, causing him to be denied credit, causing him "embarrassment [sic] and humiliation, both of a personal and business nature because of this misinformation which is defamatory in nature, and . . . caus[ing] him damages in other business operations of his for an unknown period of time." Complaint ¶ 8. Defendants removed the action, contending that this court has original jurisdiction of plaintiff's action under 28 U.S.C. § 1441, in that plaintiff's action alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Plaintiff seeks to remand, arguing in an "Answer to Petition for Removal" that the action is "one which is based on negligence [sic] and has nothing to do with any Federal Statute." Answer to Petition, ¶ 10.

A civil action is removable to federal court pursuant to 28 U.S.C. § 1441(b) if it is one "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." Defendants contend that the gravamen of plaintiff's complaint is a classic violation of the Fair Credit Reporting Act, which was enacted in 1970 to protect consumers from, among other actions, inaccurate or obsolete credit reports. 15 U.S.C. §§ 1681, 1681c.

Defendants therefore assert a right of removal to federal court. *See, e.g., Haun v. Retail Credit Co.*, 420 F.Supp. 859 (W.D. Pa.1976) (holding that plaintiff may file a Fair Credit Reporting Act action in state court, but that defendant may remove it to federal court on timely petition).

■ The "well-pleaded complaint rule" governs determination of the presence or absence of federal jurisdiction that will support removal. Generally, federal jurisdiction exists only when a federal question is present on the face of a properly pleaded federal complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Although the facts as pleaded in plaintiff's complaint could possibly support such a count, the complaint does not facially state a cause of action based on the federal act. Plaintiff's answer to the removal petition repeats this narrow characterization of the action, arguing that his action asserts no federal rights, but only a claim under common law negligence.

■ Ordinarily, the "plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action." *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir.1984), *cert. denied*, 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985); *see also La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 346 (3d Cir.1974) (remanding to state court when complaint relied on state trademark law and did not assert Lanham Act violation), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975). However, some state claims are preempted completely by federal law, in which case, at most, a federal claim and jurisdiction exist. *Cf. Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (federal law preempts all enforcement of collective bargaining contracts). Defendants provide no reason to believe that the state law that plaintiff contends is the basis of his suit is in any way inconsistent with the Fair Credit Reporting Act. The Act indicates otherwise:

This subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

41 U.S.C. § 1681t. *See also Credit Data of Arizona, Inc. v. Arizona,* 602 F.2d 195 (9th Cir.1979) (holding that Fair Credit Reporting Act did not preempt field). Because I conclude that there is no preemption of the state cause of action in this case, there is no need to further examine the complaint for artful pleading designed to avoid a federal claim.

Plaintiff has chosen to forgo what, if any, federal claims he might have included in this action. Absent a federal claim, this court lacks jurisdiction and removal was improper. I will therefore remand this action to the state court.