Valerie L. CONLEY, n/k/a Valerie
L. Shaw, Plaintiff–Appellant,

v.

GREENWOOD TRUST COMPANY, d/b/a
Discover Card Finance Services,
Defendant–Appellee.

No. 94CA1840.

Colorado Court of Appeals,
Div. I.

Jan. 25, 1996.

Rehearing Denied Feb. 29, 1996.

Certiorari Granted Sept. 3, 1996.

Richard K. Walsh, Colorado Springs, for Plaintiff–Appellant.

Holme, Roberts & Owen, LLC, Brent E. Rychener, Colorado Springs, for Defendant–Appellee.

Opinion by Judge CRISWELL.

Plaintiff, Valerie L. Conley, appeals the summary judgment dismissing her claim against defendant, Greenwood Trust Company, d/b/a Discover Card Financial Services. We reverse and remand for further proceedings.

The essential allegations of plaintiff's complaint were that, although she had never applied for a credit card from defendant, had never had a Discover Card in her possession, had never used such a card, and was never indebted to defendant, defendant repeatedly claimed that she owed it some $1,200, repeatedly demanded payment from her of that amount, and threatened to sue her. She alleged that, while she repeatedly informed defendant that she owed nothing to it, defendant reported to various credit reporting agencies that plaintiff owed the amount claimed and reported that, because she had refused to pay such amount, defendant had been required to charge off that sum as a bad debt.

Plaintiff alleged that, as a result of these actions, she had suffered damage to her credit reputation, had lost credit opportunities, and had suffered mental and emotional distress. She requested damages and attorney fees pursuant to the Uniform Consumer Credit Code (UCCC), § 5–5–108, C.R.S. (1992 Repl.Vol. 2).

Defendant's answer asserted that plaintiff was legally liable to it, and it admitted that it had demanded payment from her and that it had reported the debt to credit reporting agencies. It asserted, however, that it had later requested those agencies to remove plaintiff's name from the debt. It also asserted that its actions were subject to a qualified immunity under the federal Fair Credit Reporting Act (the Act), 15 U.S.C. § 1681h(e)(1994).

In moving for summary judgment, defendant presented to the trial court a copy of what appears to be a telemarketing report which indicates that plaintiff made application for a credit card by telephone, a portion of plaintiff's deposition in which she testified that any statement that she had, in fact, made such an application would be "a lie," and a copy of what appears to be a form sent by defendant to various credit reporting agencies, which asks that they delete plaintiff's name from the previously reported debt because of a "legal settlement."

Defendant sought judgment on the grounds that the Act immunizes its actions and that, because plaintiff asserts that she owed no debt to defendant, she is not a "debtor" under the UCCC.

The trial court granted defendant's motion and entered judgment dismissing plaintiff's claim without specifying its reasons.

## I.

Plaintiff first argues that, to the extent that the trial court may have relied upon the conclusion that the undisputed facts disclosed that 15 U.S.C. § 1681h(e) barred her action against defendant, the court erred. We agree.

Section 1681h(e) provides that:

Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding *in the nature of defamation, invasion of privacy,* or negligence with respect to the reporting of information against any … person who furnishes information to a consumer reporting agency, based on information pursuant to section 1681g, 1681h, or 1681m of this title, except as to false information furnished with malice or willful intent to injure such consumer. (emphasis supplied)

However, another section of the Act, 15 U.S.C. § 1681t (1994), provides that it is not intended to:

annul, alter, effect, or exempt any person subject to the provisions of this subchapter *from complying with the laws of any State with respect to* the collection, *distribution,* or use *of any information on consumers,* except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

(emphasis supplied)

■ Under § 1681h(e), defendant is a "person who furnish[ed] information to a consumer reporting agency" and, at least to this extent, is "subject to the provisions" of the Act. But, § 1681(h)(e) immunizes a person who supplies information to a consumer reporting agency only against claims "in the nature of defamation, invasion of privacy, or negligence." The question presented, therefore, is whether plaintiff's claim here falls within the categories of claims described in § 1681h(e). Particularly in light of § 1681t, we conclude that it does not.

Plaintiff's complaint alleges that defendant made improper disclosures to third parties and that it harassed her by making repeated demands upon her for payment. She also alleged that certain "false [and] defamatory credit information" provided by defendant remained in her "credit file," and that:

Defendant's actions and omissions as herein alleged are actionable as a violation of § 5–5–108, C.R.S.

It is unclear whether plaintiff sought to allege a common law claim for libel or slander, as well as a claim based upon a violation of UCCC § 5–5–108, or only a single statutory claim. However, if she initially sought to assert a common law claim for defamation, she has abandoned that claim. Before us, she seeks only to reverse the trial court's judgment to the extent that that judgment dismissed her claim based upon a violation of § 5–5–108. Hence, we address only that claim.

■ Section 5–5–108 authorizes an award of damages and attorney fees to a "debtor" if the court finds that a creditor has engaged in "unconscionable conduct in collecting a debt." In determining whether the conduct was unconscionable, consideration must be given to a number of factors, including whether any communications from the creditor were designed to harass the debtor, whether credit information that the creditor had reason to know was false was disclosed, and whether the existence of a debt that is disputed by the debtor is disclosed by the creditor without disclosure of such dispute.

Nothing within § 5–5–108 is inconsistent with the regulatory provisions of the Act, which do not apply to defendant. Hence, the Act does not purport to bar actions based upon this state statute. *See Credit Data of Arizona, Inc. v. Arizona,* 602 F.2d 195 (9th Cir.1979) (state statute prohibiting consumer credit agency from charging consumer fees for obtaining credit reports not pre-empted by Act).

■ Further, an action under § 5–5–108 is not an action "in the nature of defamation [or] invasion of privacy"; it is an action to enforce a statutory right. And, its enforcement is not dependent upon proof of any common law tort. Rather, it requires a consideration of numerous factors to determine whether a creditor's actions have been unconscionable.

We conclude, therefore, that § 1681h(e) of the Act furnishes defendant no immunity from plaintiff's statutory claim.

## II.

■ We also determine that, if the trial court concluded that plaintiff was not a "debtor" for purposes of § 5–5–108 of the UCCC, it erred in reaching that conclusion.

Section 5–5–108 provides for an award of damages and attorney fees if the court finds that a person has engaged in unconscionable conduct in collecting a "debt." Such unconscionable conduct can include causing injury to a "debtor's" reputation for creditworthiness. However, the UCCC contains no statutory definition of these terms.

Based upon these statutory provisions, defendant argues that, if plaintiff was never indebted to defendant, as she alleges, she was never a "debtor," and defendant could not have engaged in collecting a "debt" under § 5–5–108. We reject that analysis as bordering on disingenuity.

Defendant's argument in this respect would require the conclusion that the UCCC does not prohibit a self-styled creditor from destroying the credit reputation of an alleged debtor, so long as the purported creditor's claim is based upon a wholly fraudulent or fictitious debt. Under defendant's thesis, the statute would restrict only the actions of legitimate creditors, and only debtors who acknowledge owing some amount of debt would be protected. Such an interpretation would be an exceedingly strange one to place upon a statute enacted for consumer protection.

While we have discovered no previous court decision addressing this issue under the UCCC, other courts have uniformly rejected similar arguments respecting the interpretation of other consumer protection legislation.

For example, under the Act, a creditor is not a "consumer reporting agency" and a report issued by it is not a "consumer report," if the report given to a third party contains "information solely as to transactions or experiences between the *consumer* and the person making the report." 15 U.S.C. 1681a(d) (1994). (emphasis supplied) In *Alvarez Melendez v. Citibank*, 705 F.Supp. 67 (D.Puerto Rico 1988), a bank misidentified the actual borrower on a loan made by it, and consequently, it gave an adverse report upon a person who was, in fact, not one of its customers. Nevertheless, the court rejected the argument, similar to that made by defendant here, that the Act should be interpreted to require that the "consumer" reported upon be, in fact, a bank customer. The court concluded that it was sufficient that the bank believed that the plaintiff was a "consumer"; the Act is to be interpreted from the bank's viewpoint.

Likewise, Title II of the Federal Consumer Credit Protection Act, 18 U.S.C. §§ 891–896 (1994), makes it a crime to attempt to collect an "extension of credit" by extortionate means. 18 U.S.C. § 894(a)(1994). For this purpose an extension of credit is a "debt or claim, whether acknowledged or disputed, valid or invalid...." 18 U.S.C. § 891(1)(1994). Under this statute, convictions have uniformly been upheld for attempting to collect wholly fictitious debts by

extortionate means. *See United States v. DiPasquale*, 740 F.2d 1282 (3d Cir.1984), *cert. denied*, 469 U.S. 1228, 105 S.Ct. 1226, 84 L.Ed.2d 364 (1985); *United States v. Nace*, 561 F.2d 763 (9th Cir.1977).

Because of the differing language used in these separate pieces of consumer legislation, we recognize that this former jurisprudence is not dispositive of the issue presented here. It is, however, instructive as to the manner in which similar issues have been resolved.

The purpose of § 5–5–108 is to protect consumers generally from unconscionable actions by creditors. And, the adverse effects which an individual suffers from such conduct, and which the UCCC is designed to prevent, is the same whether the "debt" sought to be collected is real or fictitious. In terms of the abuses sought to be eradicated by this statute, therefore, it is irrelevant whether the unconscionable means are directed toward collecting an acknowledged debt or a disputed debt. Indeed, § 5–5–108 expressly recognizes that a creditor's conduct is regulated by the UCCC, even though the debt may be disputed by the alleged debtor. *See* § 5–5–108(4)(d)(IV), C.R.S. (1992 Repl. Vol. 2) (creditor may engage in unconscionable conduct by failing to disclose that debt is disputed).

We conclude, therefore, that liability under § 5–5–108 is not dependent upon proof demonstrating that the plaintiff was, in fact, legally indebted to the defendant. If, as here, the defendant asserts that a debt is owed by the party against whom collection efforts are undertaken, the defendant's actions are governed by the statute. Once the purported creditor treats another party as a debtor, that party will be recognized as such for purposes of § 5–5–108.

The judgment dismissing the claim asserted under § 5–5–108 is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views set forth in this opinion.

METZGER and ROTHENBERG, JJ., concur.